# Richmond.

## ROBINSON v. COMMONWEALTH.

### March 17th, 1892.

1. APPELLATE PRACTICE—*Indictment caption.*—This court will look to caption of indictment to ascertain if the court below had jurisdiction.
2. IDEM—*Omnia presumuntur, &c.*—This court will presume that an order to summon grand jury was duly made where the record is silent.
3. IDEM—*Venire facias—Objections too late.*—Objection is waived when not made till after verdict, that without writ of *venire facias* grand jury was summoned from list furnished by the judge. Moreover, by § 3978, a special grand jury may be summoned without such writ.
4. PETIT JURY—*By-standers.*—Under § 4019 the court may cause to be summoned so many persons from the by-standers as are necessary to complete the panel without a list furnished by the court.

Error to judgment of corporation court of city of Lynchburg, rendered September term, 1891, whereby the plaintiff in error, William Robinson, was sentenced to be hanged in accordance with the verdict of the jury at the trial of an indictment against him for the murder of one Willie Davis. Opinion states the case.

*Randolph Harrison* and *Thomas N. Williams*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

LEWIS, P., delivered the opinion of the court.

The September term, as the record shows, is not a regular grand jury term of the court below. Accordingly, on his arraignment, the prisoner moved to quash the indictment on three grounds, viz.: (1) That the indictment ought to show on its face that it was found by a special grand jury; (2) that it ought likewise to show that the grand jury had been summoned in pursuance of an order of the court; and (3) that this order ought to appear affirmatively by the record to have been made.

It does not, in fact, appear affirmatively that such order was made, nor does the indictment show on its face that it was found by a special grand jury. It is therefore insisted that the indictment lacks the essential requisite of showing that the corporation court had jurisdiction. But this position is untenable. The record as certified to this court, commences as follows:

" Virginia.

" Pleas before the Honorable J. Singleton Diggs, judge of the corporation court for the city of Lynchburg, held at the courthouse thereof on Friday, the 9th day of October, 1891.

" Be it remembered that heretofore—to-wit, at a corporation court for the said city, at the courthouse thereof, on Monday, the 7th day of September, 1891, James W. Watts, foreman, E. S. Hutter, J. L. Beck, W. F. Matthews, I. F. McKinney, Marcus Bull, N. N. Needham, John S. Nicolas, R. H. Glass, Jr., and W. A. Heffeman were sworn a special grand jury of inquest in and for the body of this city, and having received their charge, retired, and after some time returned into court, and presented an indictment against William Robinson, for murder, a ' true bill,' which said indictment is in the following words and figures, to-wit."

Then follows the indictment, which commences as follows:

" State of Virginia.

" In the corporation court of the city of Lynchburg, to-wit :

" The jurors of the commonwealth of Virginia, in and for the body of the city of Lynchburg, and now attending the corporation court for the said city, upon their oaths present," &c.

It is contended for the prisoner that what precedes the indictment in the transcript is merely the caption of the indictment, and that the caption is no part of the indictment.

It is true · the caption is no part of the indictment, nor, strictly speaking, is there any such thing as a caption to an indictment in the court in which it is found. It is not until the indictment is transmitted from that court to a higher court that the caption appears. " When the indictment is returned from an inferior court, in obedience to a writ of *certiorari*," says Chitty, " the statement of the previous proceedings sent with it is termed the ' Schedule,' and from this instrument the caption is extracted. When thus taken from the schedule, it is entered upon the record, and prefixed to the indictment, of which, however, it forms no part, but is only the preamble, which makes the whole more full and explicit. In cases of removal by *certiorari*, its principal object is to show that the inferior court had jurisdiction, and therefore a certainty in that respect, is particularly requisite." 1 Chit. Crim. Law, 327. See, also, Starkie, Crim. Pl. 258; *Ex-parte Bain*, 121 U. S. 1.

Hence the caption is a part of the record, though no part of the indictment, and may be looked to in order to ascertain whether the inferior court had jurisdiction. 1 Bish. Crim. Proc. (3d Ed.) § 661; *State* v. *Brickell*, 1 Hawks, 354.

There is no warrant for holding that in a case like the present the indictment must show on its face that it was found by a special grand jury. The record—that is, the caption—as we

have seen, shows in this case that the indictment was found by a special grand jury, and that is sufficient.

As to the second point, it is true the record does not affirmatively show that an order to summon a grand jury was made, but in the silence of the record, we must presume that such an order was made. The order itself is not a necessary part of the record of the case, since the commencement of the case was the finding of the indictment, and that was necessarily subsequent to the making of the order.

The next point arises upon the prisoner's third bill of exceptions, from which it appears that the grand jury was summoned by the sergeant from a list furnished by the judge without a *venire facias.* The objection, however, was not made until after verdict, and therefore came too late, as the court below held. Besides, the objection is without merit independently of this consideration. Section 3978 of the Code provides that a special grand jury may be ordered at any time, either by the court in term-time, or by the judge in vacation, nor is there any express provision that the order shall be entered of record, though, if made by the court, it would, of course, according to the usual practice, be entered of record. But there is no requirement that a *venire facias* shall issue to summon a special grand jury, as in the case of a regular grand jury. As to the former, the provision of the statute simply is that the jurors shall be " summoned from a list furnished by the judge," and the courts have no authority to superadd to the requirements of the statute. Until a comparatively recent period, in Virginia no process of any kind was required for the summoning of a grand jury (*Curtis' Case*, 87 Va. 589), and had it been the intention of the legislature to require a *venire facias* to issue as well for a special grand jury as for a regular one, the intention would no doubt have been plainly expressed.

But if this were otherwise, it would have been simply an irregularity to summon the grand jury, as was done in the

present case, which would have been cured by the verdict, in the absence of any evidence that the prisoner had been prejudiced by the irregularity. Acts 1887–'88, p. 18; *Vawter's Case*, 87 Va. 245. Nor is there anything in *Watson's Case*, 87 Va. 608, which decides that a *renire facias* is an indispensable process to authorize the summoning of a special grand jury, or that such process is required in such a case.

The next ground of objection is that additional persons were summoned in order to complete the panel from which to form the petit jury from the by-standers without a list furnished by the court. There was no error in this. Code, § 4019; *Waller* v. *Commonwealth*, 84 Va. 492.

This disposes of all the assignments of error, and the result is that the judgment must be affirmed.

JUDGMENT AFFIRMED.