# CRIMINAL CASES.

## Richmond.

### POTTS v. COMMONWEALTH.

#### January 18, 1912.

1. HOMICIDE—*Killing with Deadly Weapon—Malice Presumed—Burden of Disproving.*—On a trial for murder, where the evidence shows that the killing was done with a deadly weapon, the law presumes that it was done with malice, and it is for the defendant to satisfy the minds of the jury that it was not done with malice.

2. CRIMINAL LAW—*Presumption of Innocence—Proof of Guilt Beyond a Reasonable Doubt—Continuous Burden on State.*—A person charged with the commission of a crime is presumed to be innocent, and that presumption follows him throughout every stage of the prosecution. Moreover, the plea of not guilty denies every essential allegation of the indictment, and lays upon the prosecution the burden of proving the guilt of the defendant beyond a reasonable doubt. There is no shifting of this burden of proof. It remains upon the State throughout the trial. The evidence may shift from one side to the other, and the State may establish such a state of facts as must result in a conviction, unless the presumption they raise be met by evidence; but when the evidence is all in, if, upon a consideration of it *as a whole*, the jury entertain a reasonable doubt as to the guilt of the accused, they must find him not guilty, as the State has not sustained the burden of establishing his guilt beyond a reasonable doubt. The accused is not required to prove his innocence. The rule that the burden of proof is upon the Commonwealth is not affected by the modification that, in cases of homicide, where the defense of self-defense is interposed, it is incumbent upon the defendant to set it up by affirmative proof, unless the fact appears from the Commonwealth's own evidence.

Error to a judgment of the Circuit Court of Norfolk county.

*Reversed.*

The opinion states the case.

*John W. Happer*, for the plaintiff in error.

*Samuel W. Williams, Attorney General*, for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

The plaintiff in error, Shirley Potts, brings error to a judgment of conviction of murder in the second degree, for which he was sentenced to confinement in the penitentiary for the term of eighteen years.

At the instance of the Commonwealth's attorney, the jury were instructed as follows:

First. "The court instructs the jury that if they believe from the evidence that the Commonwealth has proven, beyond a reasonable doubt, that the deceased was killed by the accused with a deadly weapon in his previous possession, and that the accused relies upon the defense of self-defense to excuse the act, then the jury are instructed that their minds must be satisfied from the evidence that the said defense is a true one." And

Second. "The court instructs the jury that if they believe from the evidence that the killing was done with a deadly weapon, then the law presumes it was done with *malice*, and it is for the defense to satisfy the minds of the jury that it was not done with malice."

The giving of both these instructions was made the ground of exception, and constitutes the first assignment of error.

The last instruction, with some change of language, is the equivalent of instructions approved in *Hill's Case*, 2 Gratt. (43 Va.) 595; *Bristow's Case*, 15 Gratt. (56 Va.) 634; *Honesty's Case*, 81 Va. 284, and a long line of Virginia decisions.

But we are of opinion that the circuit court erred in giving the first instruction. It is a fundamental principle of criminal law that a person charged with the commission of crime is presumed to be innocent; and that presumption follows the accused through every stage of the prosecution. Moreover, the plea of not guilty denies every essential allegation in the indictment,

and lays upon the prosecution the burden of proving the guilt of the defendant beyond a reasonable doubt. That burden is continuous, and can never be imposed upon the accused, although the evidence may shift from one side to the other, to meet the varying exigencies of the trial.

The rule is stated, with exceptional clearness and force, in *State* v. *Wingo*, 66 Mo. 181, 27 Am. Rep. 329, where it is said: "That it devolves upon the State to establish by evidence the guilt of the accused beyond a reasonable doubt will not be controverted. The defendant, by his plea of not guilty, puts in issue every material allegation in the indictment. He is not required to plead specially any matter of justification or excuse. The case is not divided into two parts—one of guilt, asserted by the State, the other of innocence, asserted by the accused. He does not plead affirmatively that he is innocent, but negatively that he is not guilty; and on that issue, and that alone, the jury are to try the case throughout. There is no shifting of the burden of proof. It remains upon the State throughout the trial. The evidence may shift from one side to the other. The State may establish such facts as must result in a conviction, unless the presumption they raise be met by evidence; but still the burden of proof is on the State to establish the guilt of the accused beyond a reasonable doubt."

This rule is not affected by the modification that, in cases of homicide, where the defense of self-defense is interposed, unless the fact appears from the Commonwealth's own evidence, it is incumbent upon the accused to set it up by affirmative proof. For the evidence so introduced by the defendant must be considered and weighed by the jury, along with all the other evidence in the case, in determining the ultimate proposition, whether the evidence, *as a whole,* raises a reasonable doubt on their minds as to the guilt of the accused.

This principle is recognized in *Litton's Case*, 101 Va. 833, 849, 44 S. E. 923, 927, where the court sustained an instruction which told the jury, "That when the Commonwealth has proved that the accused has committed a homicide, and it does not appear, from the circumstances given in evidence by the Commonwealth, that the killing was of a lower degree than murder in the second

degree or in self-defense, then it is *prima facie* murder in the second degree, and the burden is cast upon the accused to prove that it was below murder in the second degree or in self-defense; and if the Commonwealth seeks to elevate the offense to murder in the first degree, the burden is upon it to do so.   Yet when the evidence is all in, then, if the evidence, both for the Commonwealth and the accused, leave a reasonable doubt as to the guilt of the accused, the jury must find the prisoner not guilty."

The principle enunciated in the concluding paragraph of the instruction in *Litton's Case* is supported by the great weight of authority.   Many of the cases on the subject are collected and reviewed in a comprehensive note to the case of *Commonwealth* v. *Palmer*, 19 L. R. A. (N. S.), 483.

The instruction under review does not incorporate the qualification adverted to, and the practical effect of the omission is to impose upon the accused the burden of proving that he is not guilty.

For this error the judgment must be reversed, and the case remanded for a new trial.   It is unnecessary, therefore, to consider the remaining assignment of error, that the verdict is contrary to the evidence.

*Reversed.*