### BURCHETT et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 26, 1912.)

#### No. 1,000.

1. CRIMINAL LAW (§ 1129\*)—ADDITIONAL ASSIGNMENTS OF ERROR—RIGHT TO CONSIDERATION.

The Circuit Court of Appeals will not consider additional assignments of error which the court below permitted counsel to lodge in the clerk's office, but which the court refused to permit to be filed; motion for permission having been made more than five weeks after the writ of error was allowed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. § 1129.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CRIMINAL LAW (§ 1129*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under Circuit Court of Appeals Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), requiring assignments of error to specify the errors relied on, an assignment that the court erred in impaneling and swearing the jury is insufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. § 1129.*]

3. CRIMINAL LAW (§ 1129*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment that the court erred in admitting testimony of specified witnesses as to offer of bribes and other means besides threats, as set forth in the bill of exceptions, as the same was not alleged in the indictment, is insufficient, under Circuit Court of Appeals Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), for failing to quote the full substance of the evidence admitted, so as to indicate the object of the testimony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. § 1129.*]

4. CRIMINAL LAW (§ 1129*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment that the court erred in its instructions given for the prosecution as set forth in the bill of exceptions is insufficient for not setting out the instructions in totidem verbis, as required by Circuit Court of Appeals Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii).

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. § 1129.*]

5. CRIMINAL LAW (§ 1086*)—APPEAL AND ERROR—REVIEW—EXCEPTIONS NOT PRESERVED BELOW.

The Circuit Court of Appeals cannot review instructions given for the prosecution where the record does not show that the ruling complained of was excepted to at the time when made a part of the record by a bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2769, 2772, 2794; Dec. Dig. § 1086.*]

6. CRIMINAL LAW (§ 1031*)—APPEAL AND ERROR—OBJECTIONS NOT RAISED BELOW.

An objection to irregularities in summoning, impaneling, or organizing the grand jury cannot be raised for the first time on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2622, 2626, 2631; Dec. Dig. § 1031.*]

7. INDICTMENT AND INFORMATION (§ 133*)—IRREGULARITIES—OBJECTIONS—TIME FOR MAKING.

Objections to irregularities in summoning, impaneling, or organizing a grand jury must be called to the trial court's attention by a plea in abatement or motion to quash before a plea of not guilty.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 454–468; Dec. Dig. § 133.*]

8. CRIMINAL LAW (§ 1086*)—RECORDS—REQUISITES.

The record in a criminal case should show that the grand jury which returned the indictment was duly sworn.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2769, 2772, 2794; Dec. Dig. § 1086.*]

9. CRIMINAL LAW (§ 1088*)—OATHS—ADMINISTRATION—PROOF—SUFFICIENCY.

That the grand jury which returned the indictment was duly sworn is sufficiently shown by a recital in a record that the grand jury was "impaneled" and by a recital in the caption of the indictment that the grand jurors were impaneled, sworn, and charged.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2746–2751, 2757, 2766, 2782–2802, 2899; Dec. Dig. § 1088.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

10. INDICTMENT AND INFORMATION (§ 21*)—CAPTION—EFFECT.

> While the caption of an indictment is no part of the accusation, it is a part of the record, and may be considered to ascertain the court to which the jury was summoned, in which it was charged, when the indictment was returned, and whether or not the grand jurors were sworn.
>
> [Ed. Note.— For other cases, see Indictment and Information, Cent. Dig. §§ 92–97; Dec. Dig. § 21.*]

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap.

George Burchett and others were convicted of conspiring to prevent a witness from attending and testifying, and they bring error. Affirmed.

S. H. Sutherland and Roland E. Chase (Smith & McCorkle, Sutherland & Sutherland, and Chase & Daugherty, on the briefs), for plaintiffs in error.

Barnes Gillespie, U. S. Atty. (Thomas J. Muncy, Asst. U. S. Atty., on the briefs).

Before GOFF and PRITCHARD, Circuit Judges, and CONNOR, District Judge.

GOFF, Circuit Judge. The plaintiffs in error, George Burchett, Columbus Colley, Jim Sykes, and Logan Salyers, were convicted in the court below on an indictment charging violations of sections 5399, 5404, and 5406 of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 3656, 3657). They were found guilty of unlawfully conspiring together to prevent, and of preventing by force, threats, and intimidation, a witness from attending and testifying in the court below.

[1] The verdict was returned on the 10th day of August, 1910, and the sentence of the court was imposed on that day. The writ of error was allowed on August 15, 1910, on which day the assignments of error had been duly filed. On the 24th day of September, 1910, the plaintiffs in error moved the court below for permission to file additional assignments of error. This request was refused, but the court permitted counsel to lodge the same in the clerk's office, from which, at the request of the plaintiffs in error, such additional assignments were certified to this court, and it is now contended by counsel for said plaintiffs in error that the same are part of the record. As a matter of course we are compelled to decline to consider them. This question has been heretofore considered and decided by this and other courts, and is no longer open for discussion. U. S. v. Goodrich, 4 C. C. A. 160, 54 Fed. 21; U. S. v. Fletcher, 8 C. C. A. 453, 60 Fed. 53; Mutual Life Ins. Co. v. Conoley, 63 Fed. 180, 11 C. C. A. 116; Lloyd v. Chapman, 93 Fed. 599, 35 C. C. A. 474.

[2-5] The assignments of error as filed in the court below do not "set out separately and particularly each error asserted and intended to be urged," as is required by rule 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii), which reads as follows:

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of er-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. Such assignment of errors shall form part of the transcript of the record and be printed with it. When this is not done, counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

We are unable from the alleged assignments of error filed when the writ of error was allowed to determine from the various causes mentioned in them what the errors are of which the plaintiffs in error complain.

A reference to a few of said assignments will illustrate the difficulty we are laboring under, and demonstrate, not only the necessity of, but the importance of, adhering to the requirements of the rule referred to. One of the assignments reads as follows: "The court erred in impaneling and swearing the jury." We are entirely unable to comprehend what was intended by this assignment. Surely it was not error to impanel and swear the jury. If it was intended to convey the idea that irregularities were committed or that essential formalities were dispensed with, its grave defects become apparent, and the object of the rule is brought plainly in view.

Another assignment is as follows:

"The court erred in admitting the testimony of Bruce Compton as to offers of bribes and other means besides threats, as set forth in the bill of exceptions, as the same was not alleged in the indictment."

The full substance of the evidence admitted should have been quoted as required by the rule, so as to indicate the object of the testimony, and to show the reason of, the propriety for or the error in the ruling of the court. It is manifestly unjust to the trial court to permit such general assignments as are here indicated, under which points not mentioned during the trial, may in this court when presented by learned counsel with the aid of other facts and other assignments based on other bills of exceptions, be made to present a situation entirely different from the one existing when the court below ruled on the question then before it.

Again we quote another assignment of error:

"The court erred in its instructions to the jury, in the two instructions given for the government, which are set forth in the bill of exceptions as such exceptions."

Not only does this assignment ignore that portion of the rule which requires that the instructions given alleged to be error should be set out in totidem verbis, but we find that the record shows that no exception was taken by counsel for plaintiffs in error to the action of the court below in giving said instructions. It is fundamental that no alleged error in law can be reviewed in an appellate court of the United States, when the record does not show that the ruling of the court complained of was excepted to at the time, and made part of

the record by a bill of exceptions. The record of this case discloses that no exceptions were taken to the action of the court in giving the instructions now complained of, and therefore no bill of exceptions relating thereto could have been tendered to and signed by the court. An exception is intended, not only to challenge the correctness of the instruction given by the court, so that when his attention is called specially to the matter he may change his ruling, but also in case he should decline so to do, that a foundation may have been provided for a review in an appellate court.

Without particularly referring to the other assignments of error, we dispose of them generally when we say that they all entirely ignore the requirements of the rules of this court. The fact being that there is scarcely a semblance of their observance in any of the alleged assignments. We have heretofore repeatedly called attention to the importance of these rules, and to the necessity of the proceedings in this court being conducted in strict conformity therewith. We are impelled to the conclusion that it is our duty to disregard all of the assignments of error that we find in the record.

[6, 7] Because of the unusual circumstances with which this writ of error is entangled, and mindful of the fact that the liberty as well as the property of the plaintiffs in error are involved in its determination, we deemed it consistent with the due administration of justice —as provided for in our rules—to request and permit counsel to advise us fully concerning the points relied upon by them to demonstrate error in the proceedings during the progress of this case in the court below, relating to the following questions: Does it appear from the record that the grand jury which found the indictment on which the plaintiffs in error were convicted had been duly sworn before it returned the same? If not so sworn, did the plaintiffs in error waive such omission by not pleading the same in abatement, and by pleading to the merits?

It is now well established that no objection relating to irregularities in summoning, impaneling, and organizing a grand jury can be raised for the first time in an appellate court. Such objections must be called to the attention of the trial court by a plea in abatement or a motion to quash before a plea of not guilty is filed. Such matters will not be considered after verdict on a motion for a new trial, or in arrest of judgment, for the accused admits the validity of the indictment when he pleads to the merits. If there is no legal accusation against him, he should show that to the court in the manner we have indicated, otherwise he has waived such defects, if in fact they existed.

[8, 9] We think that the record should show that the grand jury was duly sworn, and we are impelled to the conclusion that such essential fact is shown by the orders of and the proceedings in the court below relating to this case. The record sets forth that at a regular term of the District Court for the Western District of Virginia, held at Big Stone Gap, on Monday, January 24, 1910, a grand jury of inquest for the body of said district was impaneled, the names of the foreman and of the other members thereof being given, that such

jury retired to consider of their indictments, and that in due time the indictment now under consideration was presented in open court by such jury. The word "impaneled," as used in the earlier days of criminal procedure, had a different signification to that which it is now intended to convey. In the old English practice a jury was said to be impaneled when the officer summoning the members thereof had entered their names in the "panel" which he attached to the venire before returning the same to the court from which it issued. It appears that in some jurisdictions the old meaning still adheres, and that "impaneling" does not include the swearing of the jury. We also find that in a large number of well-considered cases in many of the states of this country the contrary is held. It will we think aid materially in determining the meaning of that word as it was used in the court below to consider it specially in connection with the other words found in the orders and recitals of that court relating to this indictment. Clearly it was not used in this case—(the substance of the order we have heretofore given)—in the sense that was generally given it in the days of Lord Coke, when the sheriff returned the venire. It appears from the order that a foreman had been selected, and his name must have been taken from the list theretofore drawn and returned as provided by law, evidently in pursuance of the requirements of section 809 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 627). It was after the return of the panel, and subsequent to the selection of a foreman, that the grand jury was "impaneled." What could that word have been used for, save only to indicate the usual formalities, including the requirements of the statutes, and the proper discharge of all their duties relating to that jury, by the court and its officers?

[10] In addition to this, we find that the record discloses in the caption of the indictment that the grand jurors returning it "were impaneled, sworn, and charged." The caption is not a part of the accusation returned by the grand jury, but it is a part of the record, and may be considered for the purpose of ascertaining the court to which the jury was summoned, in which it was charged, when the indictment was returned, and whether or not the grand jury was sworn. 1 Bish. New Crim. Pro. §§ 661, 667; 22 Cyc. 228, 239; Robinson v. Commonwealth, 88 Va. 900, 14 S. E. 627; 10 Enc. P. & P. 430; U. S. v. Bornemann (C. C.) 35 Fed. 824; State v. Gilbert, 13 Vt. 647; Noles v. State, 24 Ala. 672; Duncan v. People, 1 Scan. (Ill.) 456; Melton v. State, 3 Humph. (Tenn.) 389.

Finding, as we thus do, that the record discloses that the grand jury was duly sworn, it becomes unnecessary for us to further consider the question of waiver about which we heard argument. To an unusual degree have we indulged the plaintiffs in error. We have given due consideration to the arguments of the able counsel representing them in this court, have analyzed and applied the numerous authorities they have cited, the result being that we find no error in the judgment complained of. They were charged with offenses of a serious nature; they intended to impede and corrupt the administration of justice; to shield criminals and prevent their punishment. After a

fair trial they were convicted by a jury of their country, and were sentenced by an able and conscientious judge who, familiar with all the details of the trial, was forced to overrule the motions by which they hoped to escape the punishment that their conduct invited, that the law imposed, and that fits the crimes of which they are guilty.

Affirmed.