# CRIMINAL CASES .

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

BROOKING GARNETT AND JOHN COSBY V. COMMONWEALTH.

January 12, 1915.

Absent, Keith, P.

1. CRIMINAL LAW—*Indictment—Caption Applicable to Each Count.*
   The caption of an indictment is to be read in connection with
   the indictment as a whole and with each count thereof, and
   the venue, swearing of the grand jury, and the court in
   which the indictment is found may be supplied from the
   caption.

2. CRIMINAL LAW.—*Evidence—Conspirators—Joint Trial—Admissions of One.*—Declarations of one conspirator made after the
   completion of the offense, in the absence of the other con-
   spirators, are admissible only against the declarant, and are
   not competent evidence against a former associate on their
   joint trial.

3. CRIMINAL LAW—*Evidence—Testimony of Committing Justice.*—
   A committing justice is a competent witness to testify as to
   what took place before him at the time of the commitment.

4. CRIMINAL LAW—*Evidence—Burden of Proof—Unlawful Entry in
   Dwelling at Night.*—Proof of the unlawful entry into a dwell-
   ing house in the night-time does not throw upon the accused
   the burden of proving to the satisfaction of the jury that his
   entry was for a lawful purpose. The burden is upon the
   Commonwealth to prove beyond a reasonable doubt every fact
   essential to the establishment of the guilt of the accused.

5. INSTRUCTIONS—*Fully Instructed.*—It is not error to refuse in-
   structions which are substantially covered by instructions
   already given.

Error to a judgment of the Circuit Court of King Wil-
liam county.

*Reversed.*

Among the objections raised in this case was that the committing magistrate who sent the accused on to be indicted by the grand jury was not a competent witness to testify. The testimony of the committing magistrate as contained in the record is very brief. He testified that Brooking Garnett did not testify before him at the examining court, but John Cosby did; that Brooking Garnett was drinking and that he sent him across the road in charge of a deputy sheriff while the other witnesses were being examined, because he kept on disturbing the court and would not keep quiet; that after the evidence for the Commonwealth had been introduced before him, Cosby was sworn to make a statement and that he testified that he went into the house, but Garnett did not, and Garnett, who was standing near by, said, "Stop lying. You know I did go in the house," and went upstairs.

*Isaac Diggs,* for the plaintiffs in error.

*Jno. Garland Pollard, Attorney-General* and *Christopher B. Garnett, Assistant Attorney-General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

The indictment against the plaintiffs in error, Brooking Garnett and John Cosby, contained three counts. The first count charged the breaking and entering of the dwelling house in question in the night time with intent to steal; the second, the entering without breaking with similar intent; and the third, the larceny of certain money alleged to have been found in the dwelling house.

There was a demurrer to the indictment and to each count thereof, which the court overruled. Thereupon, the

accused were jointly tried, and the jury found them not guilty as charged in the first and third counts, but guilty of the felony charged in the second count, and fixed their punishment at three and one-half years in the penitentiary.

1. The first assignment of error questions the court's action in overruling the demurrer to the second count of the indictment; the grounds of demurrer being, that standing alone (the parties having been acquitted on the first and third counts), the second count is defective in that it does not show the venue, or the swearing of the grand jury, or in what court of the Commonwealth the indictment was found. All these objections are removed when the count is read in connection with the caption, which applies to the indictment as a whole and to each count thereof. *Wright's Case,* 82 Va. 183, 185; *Robinson's Case,* 88 Va. 900, 14 S. E. 627.

2. The next assignment of error is to the admission by the court, over the objection of the defendants, of declarations in the nature of admissions alleged to have been made by Brooking Garnett in the absence of John Cosby after the common enterprise in which defendants were charged to have been engaged had been consummated.

The general rule in such case is that such declarations are only admissible against the declarant, and are not competent evidence against his former associate. *Hunter's Case,* 7 Gratt. (48 Va.) 641, 56 Am. Dec. 121; *Jones' Case,* 31 Gratt. (72 Va.) 836; *Oliver's Case,* 77 Va. 590.

3. The court did not err in admitting the evidence of the justice of the peace before whom the parties were originally tried. *State* v. *Duffy,* 57 Conn. 525, 18 Atl. 791; 3 Wigmore on Ev., sec. 1909.

4. The court, over the objection of the accused, gave instruction 3, as follows:

"If the jury believe from the evidence that the accused entered the dwelling house of Easter Hill, in the night time,

with intent to commit larceny, without breaking, then he is guilty of the felony charged in the second count of the indictment, when the Commonwealth has shown that an unlawful entry was made in a dwelling house in the night time, the presumption is that the entry was made for an unlawful purpose and the purpose may be inferred from the surrounding facts and circumstances, and then the burden is upon the accused to prove to the satisfaction of the jury that his entry was for a lawful purpose."

The latter clause of this instruction does not state the correct rule as laid down in *Litton's Case*, 101 Va. 833, 849, 44 S. E. 923; and *Potts' Case*, 113 Va. 732, 73 S. E. 470.

5. Instructions D, G, and J, which were refused, were substantially covered by instructions A, B and I which were given; therefore, the court's refusal to give the former instructions is not reversible error. *Litton's Case, supra; Robinson's Case*, 104 Va. 888, 52 S. E. 690; *Wallen v. Wallen*, 107 Va. 131, 57 S. E. 596.

6. As the judgment must be reversed on other grounds, it is not necessary to notice the last assignment, that the evidence does not support the verdict.

The judgment must be reversed and the case remanded for a new trial.

*Reversed.*