# Richmond.

## HAYWOOD LAMB AND IRA LAMB V. COMMONWEALTH.

### January 15, 1925.

1. ASSAULT AND BATTERY—*Assault with Intent to Kill—Evidence Sufficient to Sustain Conviction.*—Accused, cousins, were convicted of an assault with intent to maim, disfigure, disable and kill. The party assaulted had been informed that one of the accused had armed himself with a stick and had said he was going to "knock him in the head." He saw the accused approach him with sticks in their hands and one of them struck at him, which blow he warded. Accused struck at him a second time. Again he warded off the blow and struck accused with his fist and they clinched and engaged in combat. Thereupon the other accused struck him a severe blow on the head, dazing him.

   *Held:* That the evidence supported the verdict.

2. APPEAL AND ERROR—*Harmless Error—Conflict in Instructions—Sufficiency of Evidence to Overcome a Prima Facie Case.*—A conflict in instructions, which concern merely the sufficiency of the evidence to overcome the *prima facie* case made out by the opposing side and do not bear upon the final weight to be given to the evidence when all the evidence is in, never constitutes reversible error.

3. ASSAULT AND BATTERY—*Self-Defense—Burden of Proof—Conflicting Instructions—Harmless Error—Case at Bar.*—In a prosecution for assault with intent to kill, an instruction that told the jury that the accused's plea of self-defense cannot be sustained unless he prove it to the satisfaction of the jury was in conflict with another instruction to the effect that if the evidence preponderated in favor of self-defense, or was equally balanced, the jury ought not convict, was erroneous as placing too great a burden on accused, but it was not prejudicial error as accused was admittedly the aggressor.

4. SELF-DEFENSE—*Proof to Sustain—Reasonable Doubt.*—To entitle one relying on a plea of self-defense to an acquittal he is required to sustain his plea of self-defense only to the point that the evidence in support of it, when considered along with all the other evidence in the case, raise in the minds of the jury a reasonable doubt of his guilt.

5. SELF-DEFENSE—*Aggressor.*—The plea of self-defense is not available to the aggressor.

6. SELF-DEFENSE—*Aggressor—Relatives.*—The relative who strikes in defense of one who provokes a difficulty will be bound by the wrong of

16

the relative defended, and can avail himself of the doctrine of self-fense only where the party defended had a right to strike in his own defense.

7. APPEAL AND ERROR—*Assignment of Error—Instructions—Failure to Point to Error.*—Where it was assigned as error that the court erred in giving instructions and the petition failed to point out wherein the instructions were erroneous, the assignment of error will not be considered in detail.

Error to a judgment of the Circuit Court of Madison county.

*Affirmed.*

The opinion states the case.

*Will A. Cook,* for the plaintiffs in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

[1] Haywood Lamb and Ira Lamb were convicted of unlawful wounding, with intent to maim, disfigure, disable and kill, and sentenced to jail for six months and to pay a fine of $250.00 each. They are here on a writ of error to that judgment.

On March 6, 1924, Haywood and Ira Lamb and C. P. Deane attended a public sale at the home of one C. B. Jarrell in Madison county. Deane had been informed that Haywood Lamb had a stick in his hand and had said he was going to "knock him in the head" with it. Deane was standing near the crier who was selling a horse. He looked at the crier on his left and bid $55.00. As he turned his head to the right he saw Haywood Lamb and Ira Lamb with sticks in their hands. Hay-

wood Lamb came toward him with his club uplifted in both hands, and struck at Deane, who warded off the blow with his left arm.    Lamb raised his stick and struck at Deane the second time.    Deane warded off the blow and struck Haywood Lamb in the face with his fist, and they clinched and engaged in mutual combat.    Thereupon Ira Lamb, a cousin of Haywood Lamb, struck Deane on the head with a big stick.    The blow dazed Deane and as they were pulled apart he discovered that he was bleeding freely from a head wound and his lower lip, which Haywood Lamb had bitten off.

The defendants claim they acted in necessary defense of Haywood Lamb.

The accused having failed to point out any reason why the evidence is insufficient to sustain the verdict, and it so plainly appearing from the foregoing statement that the verdict is amply supported by the evidence introduced on behalf of the Commonwealth, we deem it unnecessary to enter into any discussion of the fifth assignment of error, which is based upon the alleged insufficiency of the evidence.

The remaining assignments of error relate to the granting of instructions.    It is alleged that the court erred in giving instructions Nos. 1, 2, 3, 6 and 7 for the Commonwealth.

The instructions granted for the Commonwealth, of which complaint is made, were as follows:

No. 1.—"The court instructs the jury that wherever a charge of an assault with intent to maim, disfigure, disable, and kill is made and the assault is admitted and the accused in justification pleads self-defense, then the burden is upon the prisoner to prove to the satisfaction of the jury that he acted in self-defense.

No. 2.—"The court instructs the jury that if the accused, Haywood Lamb, relies upon self-defense to jus-

tify the assault upon Deane, then the necessity relied upon to justify such assault must not have arisen out of the misconduct of the said Haywood Lamb; and the court further instructs the jury that if Ira Lamb depends for an acquittal of the assault made by him upon Deane upon the ground that it was made necessary for the purpose of defending Haywood Lamb from an assault on the part of Deane, that such defense by Ira Lamb is not available unless the jury believe from the evidence that Haywood Lamb was without fault in bringing on the difficulty between him and Deane.

No. 3.—"The court instructs the jury that where there is a quarrel between two persons, both being in fault, and combat, as the result of such quarrel, takes place, and one of the combatants is maimed, disfigured or disabled, in order to reduce the offense to maiming, disabling or disfiguring in self-defense, the prisoner must prove two things: First, that before Deane was assaulted by the accused, Haywood Lamb, with intent to maim, disfigure, disable and kill him, the accused declined further combat and retreated as far as he could with safety; and secondly, that he necessarily assaulted the said Deane with the intent to maim, disfigure, disable and kill him in order to preserve his own life or to save himself from great bodily harm.

No. 6.—"The court instructs the jury that if you believe from the evidence, beyond all reasonable doubt, that the accused, Haywood Lamb, provoked the combat or produced the occasion between himself and Deane, in evidence before you, in order to have a pretext to kill the said Deane or to do him some serious bodily harm, then the accused is guilty of malicious wounding as charged in the indictment, as the law is that a person cannot bring on a difficulty with a felonious intent, and then defend his acts in said difficulty upon the ground that he was acting in self-defense.

No. 7.—"The court instructs the jury that the necessity relied upon to justify the assault must not arise out of the prisoners' own misconduct."

The instructions granted on the motion of the defendants were as follows:

(a) "The court instructs the jury that in determining the guilt or innocence of the accused of the offense charged, it is proper for them to take into consideration threats, if any proven, the cause of such threats, the relative sizes of C. P. Deane and the accused, and the position of the accused at the time of the offense charged was committed.

(b) "The court instructs the jury that if they believe from the evidence that Ira Lamb, when he struck C. P. Deane with the stick, as alleged, believed that Haywood Lamb was in imminent danger of serious bodily injury by the said C. P. Deane, and that he struck the blow to prevent such injury, they must acquit.

(c) "The court instructs the jury that as to the eminency of the danger that threatened the prisoner, and the necessity of the prisoner's action, the prisoner was the judge; and that the jury must pass upon the prisoner's action in the premises, viewing said action from the prisoner's standpoint, at the time; and if the jury believe from the facts and circumstances in the case, viewed from the standpoint of the prisoner at the time, that he had reasonable grounds to believe, and did believe, the danger imminent, and the action of the prisoner was necessary to preserve his own life or to protect him from great bodily harm, he was excusable for using such means in his defense as he deemed necessary and proper.

(d) "The court instructs the jury that if the accused was, at the time of the alleged assault, where he had a right to be, and was unlawfully assaulted by C. P.

Deane, and put in danger, real or apparent, of losing his life, or receiving great bodily harm at the hands of C. P. Deane, accused was not bound to retreat, but had the right to use such means as were necessary, or apparently necessary, to protect himself from death or great bodily injury.

(e) "The court instructs the jury that if they are of opinion there is a substantial conflict in the evidence or circumstances as to whether the action of the defendant was done in self-defense, and the circumstances or other evidence preponderate in favor of self-defense, or if it is equally balanced as to the action of accused being done in self-defense, the jury ought not to convict.

(f) "The court instructs the jury that where two persons are jointly indicted for a felonious wounding and the only wounds testified to as having been done to the person of the party charged with having been assaulted and wounded, are results of distinct acts of violence, one act of wounding having been done by the other defendant, they cannot convict either unless the jury believe that the assault was the result of a common purpose of the joint act or acts of the accused in the perpetration of the crime."

It is urged that instruction No. 1, in substance, was condemned by this court in *Covington* v. *Commonwealth*, 136 Va. 673, 116 S. E. 463; the instruction referred to being as follows: "The court instructs the jury that the law of self-defense is the law of necessity; and before the accused can be justified on the ground of self-defense he must prove to the satisfaction of the jury that he had reason to believe, and in fact did believe, that he was in danger of death or serious bodily injury at the hands of the deceased; and that the means resorted to by him were reasonably necessary, under the

circumstances as they appeared to him, to save himself from death or serious bodily harm."

As stated in the *Covington Case* it often happens that the burden of proof shifts during the progress of the trial of cases both criminal and civil.

[2] It is also said that a conflict in instructions, which concern merely the sufficiency of the evidence to overcome the *prima facie* case made out by the opposing side, and do not bear upon the final weight to be given to the evidence when all the evidence is in, never constitutes reversible error.

[3, 5] Instruction No. 1, in our view, deals with the burden of proof which rests upon the accused when the jury considers the case after all the evidence is in, and is in conflict with instruction (e), *supra*, given on motion of the defendants. Instruction (e) tells them that if they believe that the evidence preponderates in favor of self-defense, or if it is equally balanced, as to the action of the accused being done in self-defense, they ought not to convict. While instruction No. 1 tells the jury that the accused's plea of self-defense cannot be sustained unless he proves to the *satisfaction of the jury* that he acted in self-defense. Instruction No. 1 placed upon the accused too great a burden of proof and should not have been given. To entitle him to an acquittal on the ground of self-defense, the accused was required to sustain his plea of self-defense only to the point that the evidence in support of it, when considered along with all the other evidence in the case, raised in the minds of the jury a reasonable doubt of his guilt. *Potts' Case*, 113 Va. 732, 73 S. E. 470.

While the giving of instruction No. 1 was error, under the evidence in this case it was not prejudicial. Haywood Lamb admitted that he had said he was going to knock Deane in the head with a stick and that he "got

him first." A defendant accused of crime cannot avail himself of a plea of self-defense where he himself was the aggressor and brought on the necessity for the assault made. Having provoked the difficulty it makes no difference what prior threats were made by the party assaulted. *Sims* v. *Commonwealth*, 134 Va. 736, 761, 115 S. E. 382.

Ira Lamb testified that he struck Deane in defense of Haywood Lamb and not of himself. As will hereafter appear, since the plea of self-defense was unavailable to Haywood, it was likewise unavailable to Ira Lamb.

[6] Under the second assignment of error it is contended that instruction No. 2, *supra*, does not correctly state the law and that it misled the jury.

In disposing of this assignment of error the instruction must be considered in the light of all the facts and circumstances shown in evidence. It sufficiently appears that Ira Lamb was present during the whole affray and knew that Haywood Lamb, whose cause he espoused, was the aggressor and brought on the difficulty. Under such circumstances, the authorities are unanimous in holding that the relative who strikes in defense of one who provokes a difficulty will be bound by the wrong of the relative defended, and can avail himself of the doctrine of self-defense only where the party defended had a right to strike in his own defense.

In Wharton on Homicide (3d ed.), section 332, where the author is discussing the right of a son who strikes in defense of his father to rely on the plea of self-defense, we find this: "And the son cannot rely on his own freedom from fault in bringing on the difficulty, as a defense, where he *knew* the father had provoked the attack." (Italics ours.)

In 13 R. C. L., title "Homicide," section 142, page 839, it is said: "* * * of course, if it appear that

the accused knew the person defended to have been the aggressor, he is not excusable for his homicidal act;   *   *   *."

To the same effect is *Ross* v. *Commonwealth* (Ky.), 55 S. W. 4; *State* v. *Greer*, 22 W. Va. 800.

Under the evidence in this case, the giving of instruction No. 2 did not prejudice the rights of the accused.

[7] As to instructions Nos. 3, 6 and 7, the petition fails to point out wherein they are erroneous, and we decline to consider the assignments of error as to them in detail.   We will add that we think these instructions contain no error of which the petitioner can complain.

We find no reversible error in the judgment complained of and it will be affirmed.

*Affirmed.*