PRESENT: All the Justices

RICHARD GORDON FINDLAY

                                                 OPINION BY

v.  Record No. 130409            JUSTICE WILLIAM C. MIMS
                                       January 10, 2014
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals of Virginia erred in holding that the appellant, Richard Gordon Findlay ("Findlay"), failed to comply with the assignment of error requirements of Rule 5A:12(c) in his petition for appeal.

I.    BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Findlay was convicted of five counts of possession of child pornography in violation of Code § 18.2-374.1:1.  He appealed his convictions to the Court of Appeals of Virginia ("Court of Appeals").  In his petition for appeal, Findlay's sole assignment of error was that the trial court erred in failing to suppress the evidence seized from his computer. Specifically, Findlay stated his assignment of error as follows:

> The Petitioner/Appellant assigns as error the trial court's denial of his Motion to Suppress all of the seized videos that came from the defendant's computer, and his computer hard drive, and all derivatives thereof.

Immediately following the assignment of error, Findlay provided an exact reference to the page of the suppression hearing transcript where the alleged error was preserved.  The argument

section of Findlay's petition elaborated on the basis of his challenge to the trial court's ruling on the suppression motion; namely, that his consent to the scan, search, and seizure of his computer was not knowing and voluntary.

The Commonwealth's attorney filed a brief in opposition to Findlay's petition for appeal, in which he asserted that the trial court properly denied Findlay's motion to suppress. The Commonwealth's attorney's first and primary argument was that Findlay knowingly and voluntarily consented to the search of his computer, and therefore the search was valid under the Fourth Amendment.

In a per curiam order, a judge of the Court of Appeals declined to address the Fourth Amendment question, ruling instead, sua sponte, that Findlay's assignment of error was insufficient under Rule 5A:12(c). The per curiam order held that the assignment of error "fail[ed] to list any specific error in the rulings below. Instead, it is no more than a base assertion that the award is contrary to law, and Rule 5A:12(c)(1)(ii) makes clear that this is not sufficient to constitute a proper assignment of error."

Findlay timely filed a demand for review by a three-judge panel. The panel similarly found that Findlay's assignment of error "fail[ed] to list any specific error in the rulings below." By order entered February 5, 2013, the panel dismissed

2

Findlay's petition for appeal for failure to comply with Rule 5A:12(c).[1] This appeal followed.

## II. ANALYSIS

We review questions of law de novo. See Stevens v. Commonwealth, 283 Va. 296, 302, 720 S.E.2d 80, 82 (2012). "A lower court's interpretation of the Rules of this Court, like its interpretation of a statute, presents a question of law that we review de novo." LaCava v. Commonwealth, 283 Va. 465, 469-70, 722 S.E.2d 838, 840 (2012) (collecting cases).

Rule 5A:12(c) sets out the requirements for petitions for appeal filed in the Court of Appeals. It states in relevant part:

> (1) Assignments of Error. . . . Under a heading entitled "Assignments of Error," the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely.

Rule 5A:12(c)(1). Subsection (ii) of that paragraph of the Rule goes on to state that

> [a]n assignment of error which does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence is not sufficient. If the assignments of error are insufficient or otherwise fail to comply with the requirements of

---

[1] The per curiam order stated that the petition for appeal was "denied," while the three-judge panel's subsequent order stated that the petition was "dismissed." Although this distinction is immaterial to our resolution of the case, the correct disposition was dismissal. See Rule 5A:12(c).

3

this Rule, the petition for appeal shall be dismissed.[2]

Rule 5A:12(c)(1)(ii).

Thus, litigants are required to identify with specificity the error committed by the trial court. We have adhered to this mandatory rule with good reason:

> The purpose of assignments of error is to point out the errors with reasonable certainty in order to direct this court and opposing counsel to the points on which [the] appellant intends to ask a reversal of the judgment, and to limit discussion to these points. Without such assignments, [the] appellee would be unable to prepare an effective brief in opposition to the granting of an appeal, to determine the material portions of the record to designate for printing, to assure himself of the correctness of the record while it is in the clerk's office, or to file, in civil cases, assignments of cross-error.

Harlow v. Commonwealth, 195 Va. 269, 271-72, 77 S.E.2d 851, 853 (1953); see also Friedline v. Commonwealth, 265 Va. 273, 278, 576 S.E.2d 491, 494 (2003). Consequently, it is the duty of an appellant's counsel "to 'lay his finger on the error' in his [assignment of error]," Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting First Nat'l Bank of

---

[2] We note that Rule 5A:12(c) was significantly amended in July 2010. Prior to amendment, the language of former Rule 5A:12(c), as well as this Court's counterpart, Rule 5:17(c), contained no mention of dismissal for failure to comply with its requirements. By prescribing dismissal of the appeal, Rule 5A:12(c) now "establishe[s] that the inclusion of sufficient assignments of error is a mandatory procedural requirement and that the failure to comply with this requirement deprives the Court of its active jurisdiction to consider the appeal." Davis v. Commonwealth, 282 Va. 339, 339, 717 S.E.2d 796, 796-97 (2011).

4

_Richmond v. William R. Trigg Co._, 106 Va. 327, 342, 56 S.E. 158, 163 (1907)), and not to invite an appellate court "to delve into the record and winnow the chaff from the wheat." _Loughran v. Kincheloe_, 160 Va. 292, 298, 168 S.E. 362, 364 (1933).

We are of the opinion that Findlay's assignment of error complies with the requirement of specificity imposed by Rule 5A:12(c)(1) and by precedent. Contrary to the Court of Appeals' ruling, Findlay's assignment of error goes beyond the bare-bones allegations prohibited by Rule 5A:12(c)(1)(ii). Findlay does not merely allege that his convictions are contrary to the law. Likewise, he does not state generally that the evidence is insufficient. Rather, Findlay points to a specific preliminary ruling of the trial court – the trial court's denial of his motion to suppress – that he believes to be in error. Such specificity adequately puts the court and opposing counsel on notice as to "what points [appellant]'s counsel intends to ask a reversal of the judgment or decree" and prevents them from having to "hunt through the record for every conceivable error which the court below may have committed." _First Nat'l Bank of Richmond_, 106 Va. at 341, 56 S.E. at 163 (citation and internal quotation marks omitted).

The sufficiency of Findlay's assignment of error is further evidenced by the fact that the Commonwealth's attorney

5

clearly understood the issues on appeal well enough to prepare a focused brief in opposition to Findlay's petition.

The Commonwealth now argues that Findlay must go one step further and state within his assignment of error precisely why it was error for the trial court to deny the motion to suppress. In other words, the Commonwealth suggests that Rule 5A:12(c)(1) demands the inclusion of a "because" clause or its equivalent in each assignment of error. We disagree. In many instances, such a requirement would be impossible to satisfy, as trial judges do not always state the specific reasons for their rulings, even when requested to do so. When the reasons for a trial court's ruling are known, requiring a "because" clause in each assignment of error would create an unnecessary procedural trap that may bar appellate review of meritorious claims. Where, as here, the assignment of error identifies a particular preliminary ruling of the trial court, as opposed to broadly criticizing the trial court's judgment as being contrary to the law, it is sufficiently detailed to warrant consideration on the merits.

We are guided by our recent decision in Amin v. County of Henrico, 286 Va. 231, 233, 749 S.E.2d 169, 169 (2013). In that case, the appellant included in his petition for appeal to the Court of Appeals a single assignment of error, which simply stated, "[t]he trial court erred in denying the motion to

6

suppress." In a later brief to the Court of Appeals, Amin added an additional assignment of error arguing that the trial court's conviction order was void ab initio. We acknowledged that "the Court of Appeals was correct in its holding that an appellate court must have acquired appellate jurisdiction before it can hear a challenge to a lower court or agency's actions, including a challenge that a lower court's order is void ab initio." Id. at 236, 749 S.E.2d at 171. However, we held that, while "[a] litigant's failure to include any sufficient assignment[] of error in a petition for appeal can deprive th[e] Court of active jurisdiction to consider the appeal[,]" Amin's petition for appeal "included one proper assignment of error. . . . Consequently, the Court of Appeals had acquired active jurisdiction over Amin's appeal." Id. (emphasis added). Thus, while the sufficiency of Amin's initial assignment of error was not the focus of our review in Amin, we necessarily concluded that the assignment of error, which was similar to Findlay's, was adequately detailed to satisfy Rule 5A:12(c)(1) and to give the Court of Appeals active jurisdiction over the appeal.

In fact, this Court has repeatedly reviewed assignments of error stated with comparable detail to Findlay's assignment of error. See, e.g., Branham v. Commonwealth, 283 Va. 273, 720 S.E.2d 74 (2012) (appellant's granted assignment of error

7

asserted that "[t]he Court of Appeals erred when it held that the trial court properly admitted the evidence obtained as a result of the search of Mr. Branham's person and vehicle."); Pettaway v. Commonwealth, 2010 Va. LEXIS 157, at *1 (Apr. 8, 2010) (granting an assignment of error stating that "[t]he Court of Appeals erred in affirming the trial court's decision not to suppress the evidence at the conclusion of the Motion to Suppress hearing on December 12, 2007."); Ward v. Commonwealth, 273 Va. 211, 639 S.E.2d 269 (2007) (appellant's assignment of error stated: "[t]he Court of Appeals erred in affirming the trial court's failure to grant the Appellant's motion to suppress the evidence."); Dixon v. Commonwealth, 270 Va. 34, 613 S.E.2d 398 (2005) (appellant's assignment of error claimed that "[t]he trial court erred and abused its discretion by not suppressing statement of defendant.").[3]

---

[3] Although the Commonwealth did not specifically argue that the assignments of error were insufficient in these cases, we routinely decline to review insufficient assignments of error sua sponte. See, e.g., Paugh v. Henrico Area Mental Health & Developmental Servs., 286 Va. 85, 87 n.1, 743 S.E.2d 277, 278 n.1 (2013); Davis v. Commonwealth, 282 Va. 339, 339, 717 S.E.2d 796, 796-97 (2011); Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 n.4, 639 S.E.2d 174, 177 n.4 (2007). In fact, the Court is now required to do so in some instances, as the 2010 amendment to Rule 5:17(c)(1) "established that the inclusion of sufficient assignments of error is a mandatory procedural requirement and . . . failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal." Davis, 282 Va. at 339, 717 S.E.2d at 796-97.

Accordingly, we hold that Findlay's assignment of error is sufficiently detailed to satisfy the requirements of Rule 5A:12(c)(1).[4]

### III.  CONCLUSION

For the foregoing reasons, we will reverse the judgment of the Court of Appeals and remand with directions to review the petition for appeal on the merits.

                                                    Reversed and remanded.


JUSTICE POWELL, with whom JUSTICE McCLANAHAN joins, dissenting.

Both Rule 5A:12(c)(1) and Rule 5:17(c)(1) require that an assignment of error list "the specific errors in the rulings below."  (Emphasis added.)  The majority, however, relying on 5A:12(c)(1)(ii), holds that it is sufficient for the assignment of error to merely list the specific rulings below that a party believes were in error.  In other words, because Findlay identified the specific ruling, he no longer needs to identify the specific error in that ruling.  As this holding runs counter to the plain language of both Rule 5A:12(c)(1) and Rule 5:17(c)(1), I must respectfully dissent.

---

[4] Because we conclude that Findlay's assignment of error satisfies Rule 5A:12(c), we need not address whether Findlay should have been given an opportunity to amend his petition before dismissal of the appeal.

The majority correctly points out, "litigants are required to identify with specificity the error committed by the trial court."  The majority subsequently relies on the portion of the rule that requires the assignments of error "address the findings or rulings in the trial court or other tribunal from which an appeal is taken."  Rule 5A:12(c)(1)(ii).  The flaw in this approach is that the portion of the Rule that the majority relies upon only identifies what actions may be the proper subject of an appeal: the "findings or rulings" of a "trial court or other tribunal."  The majority neglects the remainder of Rule 5A:12(c)(1)(ii), which states that "[i]f the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed."  (Emphasis added).  Admittedly, Findlay's assignment of error does identify a ruling of the trial court he believes was in error.  However, his assignment of error fails to identify with any specificity what, if anything, in the ruling is erroneous, as required by Rule 5A:12(c)(1).*

---

* It is further worth noting that there are many reasons why a motion to suppress may be granted, meaning that there are an equal number of reasons why the trial court's denial of the motion may be in error.  Indeed, in the present case, the trial court noted Findlay's exception to the denial of the motion to suppress "for each of the reasons [counsel] articulated."  Without more, we have no idea what those articulated reasons were or which reason(s) Findlay relies upon in his assignment

"An assignment of errors is in the nature of a pleading, and in the court of last resort it performs the same office as a declaration or complaint in a court of original jurisdiction. The object of an assignment of error is to point out the <u>specific errors</u> claimed to have been committed by the court below in order to enable the reviewing court and opposing counsel to see on what points plaintiff's counsel intends to ask a reversal of the judgment or decree, and to limit discussion to those points."

First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 341, 56 S.E. 158, 163 (1907) (quoting 2 Cyc. Law & Procedure, 980) (emphasis added). In other words, it is incumbent on the party appealing to "lay his finger on the error." Id. at 342, 56 S.E. at 163.

We have further explained that the purpose of assignments of error is not to merely identify where in the record the error occurred or what ruling was erroneous. Rather,

---

of error. This illuminates the very reason why assignments of error must identify with specificity the error <u>in</u> the ruling, not just the ruling itself.

Contrary to the majority opinion, requiring an appellant to state the reasons why the ruling was in error has nothing to do with the reasons a trial court may or may not give for its rulings. In taking the position that such a requirement would "create an unnecessary procedural trap that may bar appellate review of meritorious claims," the majority ignores Rule 5A:18 and Rule 5:25. Both Rule 5A:18 and Rule 5:25 limit an appellant to the arguments raised before the trial court. Thus, the requirement that an appellant state the reasons why a ruling was in error is necessarily limited to those reasons the appellant has raised before the lower court, not the rationale given by the lower court in making its ruling as the majority claims.

11

> "[t]he purpose of assignments of error is point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points."

Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995) (quoting Harlow v. Commonwealth, 195 Va. 269, 271-72, 77 S.E.2d 851, 853 (1953)).  See also Chesapeake Hosp. Auth. v. Commonwealth, 262 Va. 551, 557 n.2, 554 S.E.2d 55, 57 n.2 (2001) (finding an assignment of error was inadequate where "[n]o one reading the . . . assignment of error could possibly know" the nature of the argument actually raised); Lamb v. Commonwealth, 141 Va. 481, 489, 126 S.E. 3, 5 (1925) (holding the Court will not consider an argument where the assignment of error fails to identify the nature of the error); Orr v. Pennington, 93 Va. 268, 269-70, 24 S.E. 928, 928 (1896) (holding that a proper assignment of error identifies the errors "clearly and distinctly . . . so that the opposite party may know what questions are to be raised in the appellate court").

Furthermore, the majority's reliance on the fact that the Commonwealth was able "to prepare a focused brief in opposition to Findlay's petition" is flawed.  This fact would further evidence the sufficiency of Findlay's assignment of error if the assignment of error was the only information included in

12

Findlay's petition for appeal. However, as the majority notes, Findlay's petition for appeal included an argument section, which was what the Commonwealth addressed in its brief in opposition. The fact that sufficient argument accompanied an insufficient assignment of error does not cure the defect in the assignment of error. Indeed, if this were the standard, then there would be no need for assignments of error, as the parties and the Court could rely entirely on the argument presented in the petition. Moreover, both Rule 5A:12 and Rule 5:17 must be applied consistently in all cases without resort to an analysis of the accompanying argument in the petition.

The majority's reliance on our recent holding in Amin v. County of Henrico, 286 Va. 231, 749 S.E.2d 169 (2013), is misplaced. Notably, the issue before this Court was whether, having acquired jurisdiction by granting a petition for appeal, the Court of Appeals had jurisdiction to consider an assignment of error that was not raised in the underlying petition but attacked an underlying order as void ab initio. Id. at 236, 749 S.E.2d at 191. The sufficiency of the assignment of error presented to the Court of Appeals was never before us. Indeed, we never even needed to address the sufficiency of that assignment of error, as the issue was waived because there was no argument that the Court of Appeals had not properly acquired active jurisdiction over the appeal. See Board of Supervisors

13

v. Board of Zoning Appeals, 271 Va. 336, 347, 626 S.E.2d 374, 381 (2006) (holding that jurisdictional elements other than subject matter jurisdiction are "subject to waiver if not properly raised"). Accordingly, our approval of the assignment of error was merely obiter dicta. See Harmon v. Peery, 145 Va. 578, 583, 134 S.E. 701, 702 (1926) ("Obiter dicta are such opinions uttered by the way, not upon the point or question pending, . . . as if turning aside . . . from the main topic of the case to collateral subjects." (citations and internal quotation marks omitted)).

Similarly, the Commonwealth never raised an argument regarding the sufficiency of the assignments of error in any of the additional cases cited by the majority. Thus, we did not "review" any of the assignments of error; we addressed the issues raised. In each of those cases, the Commonwealth did not object to the assignments of error and, as such, the issue was never before us. See Board of Supervisors, 271 Va. at 347, 626 S.E.2d at 381. Indeed, an argument could be made that, absent a specific challenge from the Commonwealth in the Court of Appeals, the sufficiency of those assignments of error became the law of the case and, therefore, could not be questioned on appeal to this Court. See Exxon Mobil Corp. v. Minton, 285 Va. 115, 128 n.1, 737 S.E.2d 16, 26 n.1

14

(2012)(quoting <u>Hilton v. Fayen</u>, 196 Va. 860, 867, 86 S.E.2d 40, 43 (1955)).

In my opinion, Findlay's assignment of error fails to identify how the trial court's denial of his motion to dismiss was erroneous.  Rule 5A:12(c)(1) requires a party to list "the specific errors <u>in</u> the rulings below upon which the party intends to rely" and not just the specific rulings upon which the party intends to rely.  (Emphasis added.)  Accordingly, I would affirm the Court of Appeals' decision to dismiss Findlay's petition for appeal.