CASE 107—PETITION EQUITY—June 13.

# Helvenstine v. Yantis, County Judge.

### APPEAL FROM FLEMING CIRCUIT COURT.

1. TITLE OF ACT OF LEGISLATURE.—An act, entitled "An act to prohibit the sale of spirituous, vinous and malt liquors in the county of Fleming," fixed a penalty for a violation of its provisions, which it provided might be recovered by a proceeding before the county judge. *Held*—That the subject of the act is sufficiently expressed in the title.

2. TRIAL BY SIX JURORS.—The act of February 11, 1880, providing that juries in certain courts may consist of only six men, does not include the county court, and, therefore, the county judge erred in forcing appellant to try with six jurors; but as the error was judicial, and entitled appellant to an appeal to the circuit court, where the error would have been remedied by giving appellant the benefit of a trial by twelve jurors, the judgment of the county court will not be treated as void in this proceeding to enjoin the issual of an execution upon a replevin bond executed in satisfaction of the judgment.

CASSIDY & McCARTNEY FOR APPELLANTS.

1. An inferior court having no jurisdiction to grant an injunction to stay proceedings on a judgment is not affected by section 285 of Civil Code requiring that such injunction shall be issued only by the court rendering the judgment. (Criminal Code, sec. 13, sub-secs. 5 and 6.)

2. An act of the legislature to prohibit the sale of liquor in a certain county, which fixes a penalty of from one hundred dollars to three hundred dollars to be recovered by proceedings before the county judge, is unconstitutional. (Constitution of Kentucky, art. 2, sec. 37; Jones v. Thompson, 12 Bush, 394.)

3. The act providing for trial by a jury of six in justices', police, city and quarterly courts applies only to civil cases, and is unconstitutional when further extended to apply to penal or criminal cases. (Gen. St., 822; Constitution of Kentucky, art. 13, sec. 8.)

4. An order not signed by the presiding judge is void, and being void there was no right of appeal. (Raymond v. Smith, 1 Met., 67; Rule v. Hayden, 3 B. M., 319; Commonwealth for, &c., v. Morrison, 4 Bibb., 336; Hynes v. Oldham, 3 Mon., 267.)

W. A. SUDDUTH AND J. H. POWER FOR APPELLEE.

Helvenstine v. Yantis, County Judge.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was proceeded against by the county judge of Fleming county for violating the provisions of the local option law, passed by the legislature for said county, and adopted by it, and a jury composed of six jurors found him guilty of the charge, and fixed his punishment at a fine of one hundred dollars, upon which the county judge rendered judgment, upon which execution was issued and which was replevied, and this suit was brought to enjoin the issual of an execution on ·the. replevin bond. The Chancellor having sustained a. demurrer to the petition, the appellant has appealed to this court.

The appellant's first contention is, that that part of the act that allows the county judge to proceed against violators of the act, and fine them not less than one hundred nor more than three hundred dollars, is unconstitutional, for the reason that it is not embraced by the title of the act. The title is : "An act to prohibit the sale of spirituous, vinous and malt liquors in the county of Fleming." The act proceeds to prohibit, if so voted by the county, the sale of the liquors mentioned in the title,. and to provide penalties for violations of its provisions. The fourth section provides, that for a violation of the first section, the violator shall be subject to a fine of not less than one hundred nor exceeding three hundred dollars, "to be recovered by an indictment of a grand jury,. " or by a proceeding before the county judge, in the " name of the Commonwealth, after five days' notice, the " accused, if he desires it, to be entitled to a trial by " jury." The object of the act is to prohibit the sale of

" liquors " in Fleming county, and to make it effective by providing penalties for its violation, and authorizing certain courts to impose these penalties. Penalties are essential to the enforcement of this act, and are not, in any sense, a subject different from, or in addition to, that expressed in the title ; they are the life of the act, without which the act would be entirely non-effective.

The second contention is, that the appellant, notwithstanding his objection, was tried by six instead of twelve jurors. The act of the 11th of February, 1880, provides : " That juries in justices', police, and quarterly courts may consist of six men," etc. This act names the courts in which the jury may consist of only six men. These courts are distinct and separate courts from county courts, and the authority given them, as it is, by name, does not embrace county courts. Therefore, the county judge erred in forcing the appellant to try with six jurors, but the error was judicial, and entitled the appellant, under section 362, of the Criminal Code, to an appeal to the circuit court, where the case would be tried *de novo*. If it be conceded that the error rendered the verdict and judgment void, instead of merely erroneous, nevertheless it was a judicial error, that the appellant could have corrected by an appeal to the circuit court, where the case would have stood for trial, *de novo*, by twelve jurors. The error consisted in denying the appellant the right to have his case tried by twelve jurors instead of six. This error, by an appeal to the circuit court, would have been remedied by giving the appellant the benefit of a trial by twelve jurors.

The judgment is affirmed.