ELIJAH CARR, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—APPELLATE PRACTICE, ERRORS AS-SIGNED MUST APPEAR IN RECORD—EXCEPTIONS TO REFUSALS TO CHARGE—ACTS IN AVOIDANCE OF PROSECUTION AS EVIDENCE.

1. Where errors are assigned upon matters that do not appear in the transcript of the record, they can not be considered by an appellate court.

2. On a trial for murder in the first degree, where there is no evidence whatever even tending to make out the crime of murder in the third degree as defined by our statute, it is not error for the court to charge the jury to the effect that "there is no evidence before you authorizing a con-viction for murder in the third degree."

3. Error can not be assigned of the judge's failure to charge upon any question of law unless the party desiring it shall have requested charges thereon.

4. Under the provisions of section 1092 Revised Statutes only such charges as were actually given can be excepted to through the medium of a motion for new trial. Refusals

Carr v. The State of Florida—Opinion of Court.

to give requested instructions can not be excepted to in this manner, but such exceptions to such refusals must be taken and noted at the time of such refusals, otherwise they can not be considered on writ of error.

5. When a party suspected of crime in any manner endeavors to evade or escape a threatened prosecution, by flight, concealment, resistence to a lawful arrest, or other ex post facto indication of a desire to evade prosecution, such fact may be shown in evidence as one of a series of circumstances from which guilt may be inferred.

This case was decided by Division A.

Writ of error to the Circuit Court for Washington County.

The facts in the case are stated in the opinion of the Court.

*D. J. Jones* and *W. O. Butler* (with whom was Buell Cook on the brief), for Plaintiff in Error.

*James B. Whitfield*, Attorney-General, for the State.

TAYLOR, C. J.

The plaintiff in error, hereinafter called the defendant, was indicted at the Fall term, 1901, of the Circuit Court for Washington county for the crime of murder in the first degree, was arraigned and tried at the Fall term, 1902, of said court, and was convicted of murder in the second degree and seeks a reversal here by writ of error.

The first assignment of error is the denial of the de
fendant's motion for new trial. The first three grounds
of this motion, involving the sufficiency of the evidence
to sustain the conviction had, will be disposed of last.
The fourth ground of the motion for new trial alleges
error in permitting one McKeithen, a State witness, to
testify to an alleged confession by the defendant to the
effect that "there were others in it besides himself."
Upon examining the evidence of this witness we do not
find that he gave the evidence attributed to him in this
ground of the motion for new trial, and there is no ex-
ception taken to any such evidence by this witness. This
assignment consequently fails for want of facts upon
which to predicate it.

The fifth ground of the motion for new trial alleges
error in the court instructing the jury that "there is no
evidence before you authorizing a conviction for murder
in the third degree." There was no error in the giving
of this charge, inasmuch as there was not a scintilla of
evidence in the case tending to make out the crime of
murder in the third degree as defined by our statute.

The sixth ground of the motion for new trial is as
follows: "Because the court erred in charging the jury
as follows: 'If the defendant killed Turner by shooting
him as charged, under such circumstances that the kill-
ing was neither justifiable nor excusable nor murder in
any of its degrees, he would be guilty of manslaughter,'
without defining to the jury what would constitute jus-
tifiable and excusable homicide." There was no error
here. The charge as given states the law correctly. If
the defendant desired it amplified with instructions de-
fining justifiable and excusable homicide, he should
have requested such instructions, and can not complain

of the court's omission to so charge, in the absence of a request for such charges.

The seventh and eighth grounds of the motion for new trial allege error in the court's not requiring the prosecuting attorney to tender to the defendant a complete panel of jurors before requiring him to accept or reject jurors tendered, but instead thereof in requiring the defendant to accept or reject two or three jurors at a time instead of having an entire panel tendered him by the State. These assignments can not be considered for the reason that there is nothing in the record to show that the occurrences complained of took place at the trial.

The ninth and last ground of the motion for new trial is that the court erred in refusing to give a charge requested by the defendant. The record before us does not show that the defendant at the time of the court's refusal to give any of his requested instructions took exception to such refusals or any of them. Under the provisions of section 1092 Revised Statutes, only such charges *as were actually given* can be *excepted to* through the medium of a motion for new trial *Refusals to give requested instructions* can not be *excepted to* in this manner, but *exceptions to such refusals* must be taken and noted *at the time of such refusals,* otherwise they can not be considered on writ of error. Lester v. State, 37 Fla. 382, 20 South. Rep. 232.

The State, over the defendant's objection, was permitted to introduce in evidence a forty-four calibre Colt's pistol proven to be the property of the defendant and with which he was uncontradictedly proven to have been armed at the time of the killing. This ruling constitutes the second assignment of error. There was no. error here. The grounds of objection to the introduction

of this pistol were that it was irrelevant and immaterial. The defendant was shot in a crowd in an imperfectly lighted cabin at night, and there was some conflict in the evidence as to whether he was shot by the defendant or by some other of the party there present. There was testimony tending to prove that the deceased was shot with a forty-four calibre ball, and that the only fire arm of that calibre present at the killing was the one owned by the defendant and with which he was there armed. The exhibition of the pistol itself to the jury was proper, in order to let them see for themselves that the defendant's pistol was in fact of forty-four calibre.

The sheriff, McKeithen, who made the arrest of the defendant some months after the homicide, as a witness for the State testified in substance that when he went to arrest the defendant on a warrant for the crime the defendant at first refused to come out of his house to be arrested, but partially opened the door exhibiting himself to the arresting party with a pistol in each hand, one of such pistols being the aforementioned forty-four calibred Colt's, and the other being a thirty-eight calibre Smith and Wesson pistol, and that he refused to come out of the house to be arrested or to lay down his pistols until one of the arresting party ripped a board off the end of the house and thrust a rifle barrel through the opening made and threatened to kill the defendant if he did not lay down his pistols. The thirty-eight calibred Smith and Wesson pistol with which he was thus armed at the time of his arrest was also admitted in evidence. All of this evidence was objected to by the defendant on the ground that the occurrences at the arrest were too remote from the killing to be relevant or material, and that the introduction of the thirty-eight calibred pistol with which he

was then armed was irrelevant and immaterial. The admission of this evidence constitutes the third and fourth assignments of error. There was no error in either of these rulings. The rule is that when a suspected person in any manner endeavors to escape or evade a threatened prosecution, by flight, concealment, resistance to a lawful arrest or other *ex post facto* indication of a desire to evade prosecution, such fact may be shown in evidence as one of a series of circumstances from which guilt may be inferred. Whart. Crim. Ev. (9th ed.) section 750 and citations. The sheriff testified that at the time of his arrest the defendant was armed with two pistols; one a 44 calibred Colt's, the other a 38 calibred Smith and Wesson, and that the pistols offered in evidence were the ones with which he was so armed. The exhibition of the 38 calibred pistol to the jury became proper to corroborate the evidence of the sheriff as to the description of the pistols with which he was so armed at the time of his arrest.

This disposes of all the assignments of error except the first three grounds of the motion for new trial questioning the sufficiency of the evidence to sustain the verdict. We have examined the evidence carefully and entertain no doubt but that the evidence for the State is amply sufficient to sustain the verdict found. The testimony for the defendant conflicted with it, but the jury by their verdict have announced their credence in that of the prosecution, and there is nothing that will authorize this court in disturbing their settlement of its weight and credibility.

Finding no error in the record, the judgment of the Circuit Court in said cause is hereby affirmed.