JOE CALDWELL, EUGENE FAIRCLOTH and HARVEY HATTA-
WAY, *Plaintiffs in Error, v.* THE STATE OF FLORIDA,
*Defendant in Error.*

An appellate court should not grand a new trial in a criminal case
upon the ground that the evidence is insufficient to support
the verdict affirmed by the trial court, if there is some evi-
dence of all the facts legally essential to sustain the verdict
as found, and the whole evidence is such that the verdict
may have fairly been found on it. In the appellate court
the presumption is that the jury and the trial court did their
duty in the case.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Wal-
ton County.

The facts in the case are stated in the opinion of the
court.

*D. Stuart Gillis,* for Plaintiffs in Error;

*Park Trammell,* Attorney General, for the State.

PER CURIAM—The plaintiffs in error were convicted and
sentenced to the Reform School for aiding, encouraging,
counseling and abetting one Ted McDaniel in unlawfully
entering without breaking a storehouse building of R. H.
Jackson, with intent to commit a misdemeanor; to-wit:
to steal property less than twenty dollars in value belong-
ing to said Jackson.

The only contention here is that the evidence does not
warrant the verdict. Ted McDaniel pleaded guilty and
does not join in this writ of error.

Caldwell *et al.* v. State—Opinion of Court.

An appellate court should not grant a new trial in a criminal case upon the ground that the evidence is insufficient to support the verdict affirmed by the trial court, if there is some evidence of all the facts legally essential to sustain the verdict as found, and the whole evidence is such that the verdict may have fairly been found on it. In the appellate court the presumption is that the jury and the trial court did their duty in the case. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Logan v. State, 58 Fla. 72, 50 South. Rep. 536.

Notwithstanding the testimony of the defendant McDaniel, who pleaded guilty, that as far as he knew the other defendants did not know anything about his getting the money from the house, he testified that they were at the place, and there are circumstances and fair inferences that may have been drawn from all the testimony, to show the guilt of all the defendants as found by the verdict under the information charging the offense.

Under these circumstances the appellate court will not disturb the verdict that has been approved by the trial court.

The judgments are affirmed.

, WHITFIELD, C. J., and SHACKLEFORD, and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.