D. M. SEYMOUR AND C. P. AIKEN, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 8, 1913.

1. In a criminal prosecution for burning a building which was insured, with intent to injure the insurer, it is not error to permit an insurance agent to testify from his records as to his knowledge of the existence of a policy of insurance issued by him covering the building, the defendants being entitled to the possession of the policy and cannot be required to produce evidence against themselves.

2. A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on

the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants.

Writ of error to Circuit Court of Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*R. B. Bullock,* for Plaintiffs in error;

*T. F. West,* Attorney-General, and *C. O. Andrews,* Assistant for the State.

WHITFIELD, J.—Aiken was convicted of the statutory offense of burning a building which was insured against loss or damage by fire with intent to injure the insurer, and Seymour was convicted of being an accessory thereto. On writ of error taken by both defendants below, errors are assigned on questions of procedure, on the admission of evidence and on charges given and refused. Counsel for the plaintiffs in error states in his brief that "if the evidence was properly admitted by the court, it was abundant to sustain the conviction."

The court permitted an insurance agent to testify that a policy of insurance was issued upon the property destroyed by fire, and to matters with reference to such policy. As this was not an action on the policy by the parties thereto, but a criminal prosecution by the State, and as the defendants were the insured who were entitled to the policy, and could not be required to produce it or any evidence that would tend to criminate them, it was

not error to permit the insurance agent who issued the policy to testify from his records as to matters within his province and knowledge relative to the issuance and existence of the policy on the building when it was burned.  See Camp v. State, 58 Fla. 12.

Errors if any committed in giving or refusing charges, and in rulings on the admissibility of testimony and other matters of procedure, did not affect any fundamental rights of the defendants, and it appears from the whole record that if technical errors were committed they were not prejudicial to the defendants, the evidence of guilt being ample and positive.  Gee v. State, 61 Fla. 22, 54 South. Rep. 458; Bell v. State and Rhodes v. State, decided at the last term.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.