JEREMIAH SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 8, 1913.

1. An appellate court should not grant a new trial upon the ground of the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some substantial evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may fairly have been found on it.

2. Where there is evidence from which all the elements of the crime may legally have been found or inferred, and it does not appear that the jury were not governed by the evidence, the verdict will not be disturbed by the appellate court on the ground of the insufficiency of the evidence.

3. A verdict will not be set aside by an appellate court where the propriety of the verdict depends not upon the lack of evidence, but upon the credibility or weight of conflicting competent testimony.

4. Evidence examined and found to be suffcient to sustain a verdict of murder in the second degree.

Writ of error to Circuit Court of Washington County; D. J. Jones, Judge.

Judgment affirmed.

*Butler, Bruce & Phillips,* for Plaintiff in error;

*T. F. West,* Attorney-General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Upon an indictment charging murder in the first degree Smith was convicted of murder in the second degree and took writ of error.

The only assignment here is that the verdict is not sustained by the evidence, the contention being that the evidence shows an accidental homicide.

An appellate court should not grant a new trial upon the ground of the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some substantial evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may fairly have been found on it. Where

there is evidence from which all the elements of the crime may legally have been found or inferred, and it does not appear that the jury were not governed by the evidence, the verdict will not be disturbed by the appellate court on the ground of the insufficiency of the evidence. A verdict will not be set aside by an appellate court where the propriety of the verdict depends not upon the lack of evidence, but upon the credibility or weight of conflicting competent testimony. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

While there are conflicts in the testimony, there is substantial evidence tending to show that the fatal shot was fired by the defendant from a gun under circumstances that evinced a depraved mind regardless of human life, if not a premeditated design to effect the death of the person killed. As the jury have found a verdict in accordance with this phase of the testimony, and as there is nothing to indicate that the jury were not governed by the evidence, the judgment should be affirmed, no errors of law or procedure appearing and the record disclosing no denial of any right of the defendant who was ably represented and given every opportunity to present his defense in an orderly fair trial.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent, concurred in the opinion when prepared.