ROY SYKES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

### Opinion Filed November 24, 1914.

1.  When in a trial for murder, the trial judge has given the general law of this State as to self-defense in several charges which were correct and clear, and has also given three additional instructions requested by the defendant, and one of the charges of the trial judge is attacked because it did not cover a phase of self-defense arising out of a supposed condition of the evidence, upon which the defendant did not request an instruction, the judgment of conviction will not be reversed by this court because of the alleged defect in one of the trial judge's instructions.

2.  The evidence given on the trial is sufficient to sustain the verdict of manslaughter.

Writ of error to Circuit Court for Saint Lucie County; Jas. W. Perkins, Judge.

Judgment affirmed.

*Parker & Johnson* and *Thomas Palmer*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

HOCKER, J.—Roy Sykes was indicted at the Fall Term, 1913, of the Circuit Court of Saint Lucie County, Florida, for the murder of one Horace Matchett. He was tried at that term, convicted of manslaughter, and sentenced to the State Prison at hard labor for two years. He has brought the judgment here for review on writ of error.

The first question presented here challenges the following instruction by the trial judge to the jury: "A defendant reasonably free from fault is under no duty to retreat from an assailant, where he reasonably believes that to retreat would increase his peril, but in order to justify a killing under the claim of self defense, the slayer must be reasonably free from fault in bringing on the difficulty. He must not have been the intentional aggressor in bringing on the difficulty, and he must have resorted to all reasonable means (within his knowledge) and at his command, consistent with his own safety, to avoid the necessity of taking human life. If the defendant was the intentional aggressor, or if the defendant was not reasonably free from fault in bringing on the difficulty, or if there were any other reasonable means at the defendant's command (within his knowledge) consistent with his own safety, to which he could have resorted instead of killing the deceased, if he did kill him, then he could not justify his act on the ground of self-defense." It seems to us that this instruction is in substantial agreement with an instruction given by the trial judge in the case of Peadon v. State, 46 Fla. 124, text 134, 35 South. Rep. 204, and with the views of this court in other cases. But it is contended under the facts of this case it was harmful inasmuch as the defendant was not required to *retreat to the wall* as the homicide took place on a porch of the boarding house where the accused boarded, the same being his *castle* or home.

It is to be remarked that the defendant did not request an instruction modifying the instruction which was given and is now attacked. The judge's charges were exceedingly full, and very clear upon the general law of self-defense. In addition he gave three special instructions requested by the defendant, which was all he was request-

ed to give. The facts in this case do not satisfy us that the defendant was entitled to any modification of the rule which was laid down in the instruction which is excepted to. At least we feel sure that if the defendant desired the law of self-defense as applied to one defending himself in his own home to be given to the jury, he should have presented such an instruction to the trial judge, which was not done. Carr v. State, 45 Fla. 11, 34 South. Rep. 892.

The next assignment questions the sufficiency of the evidence to support the verdict. A careful study of the evidence satisfies us that it is sufficient to sustain the verdict which was rendered.

The judgment below is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.