AMBROSIO MARTINEZ *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed August 2, 1918.

1. The legal effect of the verdict of a Jury finding a defendant guilty upon one count of an information is to acquit him of the offense or offenses charged in other counts of such information.

2. While the legal effect of evidence or the lack of evidence in its relation to a verdict rendered by a Jury in a trial may by appropriate proceedings be reviewed by an Appellate Court, yet conflicts in competent testimony, the weight of legal evidence, and the credibility of competent witnesses are primarily for the determination of the Jury; and where there is some substantial competent evidence of all the facts legally essential to suport the verdict and there is nothing in the record to indicate that the Jury were not governed

by the evidence, a refusal of the Trial Court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the Appellate Court.

3. In a criminal prosecution for burning a building which was insured, with intent to injure the insurer, it is not error to permit an insurance agent to testify from his records as to his knowledge of the existence of a policy of insurance issued by him covering the building, the defendant being entitled to the possession of the policy and cannot be required to produce evidence against themselves.

4. Under an indictment charging one with the statutory offense of burning certain merchandise and furniture and fixtures which were at the time insured against loss or damage by fire with intent to injure the insurer a corporation, proof that such corporation is a corporation *de facto* is competent and sufficient.

5 It is not reversible error to admit incompetent testimony where it is afterwards excluded and the jury is instructed to disregard it.

Writ of Error to Criminal Court of Record for Hillsborough County, W. S. Graham, Judge.

Judgment affirmed.

*Thomas Palmer* and *Martin Caraballo,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WEST, J.—The plaintiff in error, hereinafter for convenience referred to as the defendant, was informed

against in the Criminal Court of Record for Hillsborough County, information containing two counts: the first, charging him with the statutory offense of burning certain merchandise and furniture and fixtures, which were at the time insured against loss or damage by fire, with intent to injure the insurer; the second, with procuring and counseling such merchandise and furniture and fixtures to be burned with intent to injure the insurer.

Upon a trial of the case the defendant was found guilty upon the first count of the information and was thereupon sentensed by the court to confinement in the State prison ufor a period of two years.

Motions in arrest of judgment and for a new trial were denied. Whereupon writ of error was taken from this court and the case is here for review.

Numerous errors are assigned and while we may not discuss them seriatim we shall consider all the questions presented by them.

The legal effect of the verdict of the jury finding the defendant guilty upon the first count of the information was to acquit him of the offense charged in the second count. Smith v. State, 40 Fla. 203, 23 South. Rep. 854; Johnson v. State, 58 Fla. 68, 50 South. Rep. 529. So that it will not be necessary to consider any of the questions raised in the trial court with respect to this count.

It is urged that the verdict is not supported by the evidence, that it is not sufficient to show the defendant's guilt beyond a reasonable doubt, and that the evidence failed to connect the defendant with the commission of the crime. This, of course, is primarily a jury question. The rule in this jurisdiction is that while the legal effect of evidence or the lack of evidence in its relation to a verdict rendered by a jury in a trial may by appropriate proceedings be reviewed by an appellate court, yet con-

11—Vol. 76.

flicts in competent testimony, the weight of legal evidence, and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to support the verdict and there is nothing in the record to indicate that the jury were not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the appellate court. Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Bailey v. State, decided at the present term.

The evidence was largely circumstantial. That the fire by which the merchandise and furniture and fixtures of the defendant were burned was incendiary seems to be conceded and when all the circumstances in evidence tending to connect the defendant with the burning are considered we are not able to say that the trial court erred in refusing to set aside the verdict of the jury, who saw and heard the witnesses as they testified, holding that defendant's guilt was proved.

The agent for the insurance companies who issued the policies upon the property alleged to have been burned was permitted to testify in behalf of the State, and over objections by defendant's counsel, with respect to the issuance of the insurance policies to defendant. There was also introduced in evidence copies of certain forms preserved in the policy registers of the insurance companies, which are attached to and became a part of the contracts of insurance. It appeared from the testimony of this witness that the policies were, when issued, delivered to the defendant. A similar question was presented in the case of Seymour v. State, 66 Fla. 133, 63 South. Rep. 7. There the court said: "As this was not

an action on the policy by the parties thereto, but a criminal prosecution by the State, and as the defendants were the insured who were entitled to the policy, and could not be required to produce it or any evidence that would tend to criminate them, it was not error to permit the insurance agent who issued the policy to testtify from his records as to matters within his province and knowledge relative to the issuance and existence of the policy on the building when it was burned." There was no error in overruling the objection to this evidence.

This witness was also permitted to testify over objections of defendant that the insurance companies issuing the policies upon the merchandise and furniture and fixtures of defendant and alleged to have been burned by him were corporations and were doing business as corporations. There was no error in admitting this testimony, it being well settled here that in a case of this character proof that an alleged corporation is a corporation and is doing business as such is competent. Thalheim v. State, 38 Fla. 169, 29 South. Rep. 938; Butler v. State, 35 Fla. 246, 17 South. Rep. 551.

It is urged that there was error in permitting a State witness, under whose supervision an inventory of the merchandise and furniture and fixtures, a part of which were destroyed by fire, was made to testify and give his estimate of the value of the stock. The stock of merchandise partially destroyed was groceries. This witness had been in the wholesale grocery business in the city in which the fire occurred for fifteen years. He was, therefore, familiar with the values of such property there, and while his personal examination of the stock was slight, he had access to the inventory prepared under his supervision and since he did make some examination of the stock we think it was not error to admit the

testimony, its weight and probative force being questions for the jury's consideration.

The contention is also made that there was error in permitting the prosecuting attorney to propound to a State witness certain leading questions with a view to impeaching him relative to a matter with respect to which, he stated that he had been taken by surprise by the testimony of the witness. The answer to this contention is that the jury was afterwards instructed by the court not to consider this testimony, and there is nothing in the record to suggest that they did not obey such instructions.

This disposes of all assignments which find any proper basis in the record.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.