W. J. McNEAL, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed August 8, 1918.

1. Testimony of the contents of letters from a disinterested person to a witness testifying in the trial of a defendant upon a criminal charge is heresay and inadmissable.

2. Where there is substantial competent evidence in the record of all the facts legally essential to support the verdict, and there is nothing to indicate that the Jury were not governed by the evidence, the refusal of the Trial Court to grant a new trial, on the ground of the insufficiency of the evidence to support the verdict, will not be disturbed by the Appellate Court.

Writ of Error to Circuit Court for Holmes County, D. J. Jones, Judge.

Judgment affirmed.

*J. A. J. Hathaway,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WEST, J.—Plaintiff in Error was indicted by a Grand Jury of Holmes County for the statutory offense of deserting his wife and child and withholding from them the means of support, there existing at the time of such desertion no grounds for divorce under the Statutes of this State.

The indictment is in two counts, the first, charging the desertion and withholding the means of support from his wife, the second, charging the desertion and withholding the means of support from his minor son.

Upon a trial of the case the Judge charged the Jury that there was not sufficient evidence upon which to base a conviction under the second count. The defendant was found guilty as charged in the first count and was thereupon sentenced to a term of six months at hard labor in the State prison. Thereafter he was ordered released upon his entering into a good and sufficient bond in the sum of $500.00 conditioned that he pay to his wife the sum of $10.00 monthly for her support. Chap. 6483, Acts of 1913.

From this judgment writ of error was taken and the case is here for review.

Two questions are presented, the first challenges the correctness of the ruling of the Trial Court in excluding certain testimony offered by defendant and the second questions the correctness of the ruling of the Trial Court denying defendant's motion for a new trial upon the

ground that the verdict was not sustained by the evidence.

The defendant's wife had, previous to her intermarriage with defendant some twenty-seven years ago, married one Jesse Matthews, who a few months after such marriage left her and went to the State of Arkansas. She testified that she learned before her marriage to defendant that Matthews was dead. Upon the theory that this former marriage of his wife rendered his marriage with her void if Matthews was then living, the defendant sought to prove that her former husband was alive at the time of such marriage and subsequent thereto. With a view to proving this fact he placed a witness on the stand who testified to certain correspondence between him, the witness, and the mother of Matthews the former husband, who was also in Arkansas, and undertook to prove by statements made in the letters from her to the witness, as he remembered them, the letters themselves not being produced, that Matthews was alive at and subsequent to the time defendant and his wife were married. The statements made in these letters to the witness were clearly hearsay and inadmissible even if the letters had been produced, and there was therefore no error in excluding this evidence.

It appeared from the testimony of defendant's wife that she left their home in Holmes County several months before the indictment was found against defendant. The reason assigned by her for leaving him was that he cursed and beat her, told her that he intended to continue to do so as long as she remained there and ordered her to leave. This was not denied by defendant and there was no suggestion that there existed at the time any grounds for divorce against the wife. That he did not support and provide for her seems to be conceded and after she

had gone and before the finding of the indictment he married another woman. The Jury found that the charge was proved and their verdict has the sanction of the Trial Judge who denied the motion to set it aside and grant the defendant a new trial. There is substantial competent evidence in the record of all the facts legally essential to support the verdict and there is nothing to indicate that the Jury were not governed by the evidence. In that situation it is well settled that the refusal of the Trial Court to grant a new trial on the ground of the insufficiency of the evidence to support the verdict will not be disturbed by this Court. Smith v. State, 66 Fla. 135, 63 South. Rep. 138; McClellan v. State, 66 Fla. 215, 63 South. Rep. 419; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Messer v. State, 75 Fla. 619, 78 South. Rep. 680.

The judgment will be affirmed.

BROWNE, C. J. AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.