CLAUDE HOBBS AND MARVIN HOBBS, *Plaintiffs in Error,* v.
THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed March 13, 1919.

1. The credibility of competent witnesses and the weight of
legal evidence are primarily questions for the jury, and
where there is some substantial competent evidence of all
the facts legally essential to support the verdict and there
is nothing in the record to indicate that the jury were not
governed by the evidence, the refusal of a trial court to
grant a new trial on the ground of the insufficiency of the
evidence to sustain the verdict will not be disturbed.

2. The test in such cases is not what the Appellate Court
thinks the jury should have done, or what such court thinks
it would have done had it been sitting as a jury in the case,
but whether as reasonable men the jury could have found the
verdict that they did find.

3. For the purpose of determining whether a charge upon a
given subject is infected with error, the whole of the charge

on the subject and not portions of it only should be considered.

4. If a defendant wishes to have the jury more fully instructed upon any point in the case he should specifically request the desired instruction.

5. Error can not be assigned upon the judge's failure to charge upon any question of law unless the party desiring it shall have requested the desired instruction.

6. The evidence examined and found sufficient to support the verdict.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment affirmed.

*W. W. Flournoy* and *W. W. Clark,* for Plaintiffs in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WEST, J.—The return day named in the writ of error in this case is December 26th, 1917. The record was filed on January 28th, 1918, but the breif for plaintiffs in error was not filed until November 1st, 1918, the brief on behalf of the State being filed on January 22nd, 1919. The case has therefore just been made ready for consideration and disposition by the court.

Plaintiffs in error, hereinafter referred to as defendants, were indicted for murder in the first degree in the Circuit Court of Santa Rosa County. Upon a trial they

were convicted of murder in the second degree and each of them was thereupon sentenced to imprisonment for the term of his natural life at hard labor in the State prison. To review the judgment imposing this sentence this writ of error was taken.

There are a great number of assignments of error. They present three questions for our consideration, namely, (1) the ruling of the trial court in denying defendants' application for a continuance; (2) the sufficiency of the evidence to support the verdict, and (3) the soundness of the charges given by the trial court to the jury.

The first question is not argued in the brief of counsel for defendants. It will therefore not be considered under the familiar and well settled rule that assignments of error not argued are regarded and treated as abandoned.

With respect to the second proposition there were, as is usually the case, two well defined theories presented to the jury. The defendants are brothers. The State's theory was that there was ill feeling between one of the defendants and a brother of the deceased, with whom he made his home, who was wounded when the deceased was killed; that such ill feeling was the result of a previous difference between them in which an opprobious and insulting epithet was applied to such defendant; that subsequently and prior to the time of the homicide this defendant in conversation with others several times referred to this difference, his references being in the nature of threats against the brother of the deceased, who was wounded in the altercation in which the deceased was killed; and that thereafter the defendants went to the home of the other combatants on a Sunday

afternoon ostensibly on a peaceful mission, but really for the purpose of provoking a difficulty which they succeeded in doing, the result of which was that one man was severely cut and wounded with a knife by one defendant and the other was shot and killed by the other defendant with a pistol with which he was armed at the time. This, briefly, was the State's theory.

On the other hand, the theory of the defendants was that their visit to the home of the other parties, that terminated so disastrously for all concerned, was friendly; that there was in fact at the time no ill feeling between them; that one of them went for the purpose of getting his dog which had a few days before been left at the home of the brother of the deceased where the homicide occurred, who was the brother-in-law of both the defendants, and to secure groceries for his household from a small store which was kept there, and that the other simply accompanied him, and for no improper purpose; that while there the defendants without provocation by them were attacked by the other two men, one of them using a bottle as a weapon, the other a pistol, and that they, the defendants, did only what they were compelled to do in the proper and necessary defense of themselves. This, briefly, is the defendants' story.

The case was presented to the jury who heard and saw the witnesses, and the jury accepted the State's theory of the case. There is ample evidence to support this theory.

Under our system the credibility of competent witnesses and the weight of legal evidence are primarily questions for the jury, and where there is some substantial competent evidence of all the facts legally essential

to support the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence, the refusal of a trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict, will not be disturbed by an appellate court. Martinez v. State, 76 Fla. 159, 79 South. Rep. 751; Bailey v. State, 76 Fla. 213, 79 South. Rep. 748; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280; McClellan v. State, 66 Fla. 215, 63 South. Rep. 419. The test in such cases is not what the appellate court thinks the jury should have done or what such court thinks it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found the verdict that they did find. Tully v. State, 69 Fla. 662, 68 South. Rep. 934; Florida East Coast R. Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238.

The soundness of the charge of the trial court to the jury is challenged by a number of assignments of error. With a view to demonstrating its alleged unsoundness various paragraphs of the charge are separately analyzed and discussed at great length by counsel for defendants. But this is hardly a fair test of the correctness of the charge as a wholey, nor of isolated portions of it. In the case of Miller v. State, 76 Fla. 518, 80 South. Rep. 314, we said: "It is well settled that, for the purpose of determining whether a charge upon a given subject is infected with error, the whole of the charge on the subject, and not portions of it only, should be considered." In the case of Padgett v. State, 64 Fla. 389, 59 South. Rep. 946, the court said: "It is settled law in this court that in determining the correctness of charges and instructions, they should be considered as a whole, and, if as a

whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail." See also Disney v. State, 72 Fla. 492, 73 South. Rep. 598; Tully v. State, *supra*.

We shall not unedrtake to follow counsel in his elaborate discussion of the various portions of the charge. To do so would result in the establishment of no new principle, nor would it tend to elucidate any obscure and difficult question of law for the reason that none is presented. No useful purpose would therefore be served. We have given careful consideration to the charge, as we have also to the evidence, and in our opinion it fairly presented the case to the jury. Much of the argument on this branch of the case is predicated upon assignments of error which question the correctness of the charge because it "did not state plainly, directly, connectedly and affirmatively the law applicable to the facts in evidence." No additional charges were prepared by counsel and requested to be given.

It is well settled here that if the defendants had wished to have the jury more fully instructed upon any point in the case they should have specifically requested the desired instruction. Hicks v. State, 75 Fla. 311, 78 South. Rep. 270; Herndon v. State, *supra;* Sykes v. State, 68 Fla. 348, 67 South. Rep. 121; Gillyard v. State, 65 Fla. 322, 61 South. Rep. 641; Padgett v. State, *supra;* Carr v. State, 45 Fla. 11, 34 South. Rep. 892.

In the last cited case the court held that: "Error can not be assigned of the judge's failure to charge upon any question of law unless the party desiring it shall have requested charges thereon."

It follows necessarily that defendants' contention upon this branch of the case must also fail.

It is urged in the brief that there were errors in overruling objections by defendants to evidence offered by the State and in sustaining objections of the State to evidence offered by defendants. If there were technical errors in such rulings they are not such as to require or warrant a reversal of the judgment on the record in the case. Kersey v. tate, 73 Fla. 832, 74 South. Rep. 982; Seymour v. State, 66 Fla. 133, 63 South. Rep. 7; Settles v. State, 75 Fla. 296, 78 South. Rep. 287.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.