CLARENCE DRAYTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed August 1, 1919.

1. In a criminal prosecution at the close of the State's case counsel for defendant filed a demeurrer to the evidence admitting no facts upon the record, but simply averring that no proof had been offered of certain material allegations of the indictment. There was no joinder on demurrer. *Held,* that the proper procedure would have been to strike or disregard the demurrer; but since the question sought to be raised was not presented in such a way that defendant was entitled to have it considered the order overruling the demurrer cannot be said to be harmful.

2. It is well settled that a defendant is not entitled as of right to an instruction to the jury to return a verdict of not guilty.

3. Where there is some substantial competent evidence of all the facts legally essential to support the verdict and there is nothing in the record to indicate that the jury were not governed by the evidence a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence will not be disturbed by the appeellate court.

A Writ of Error to the Circuit Court for Manatee County; O. K. Reaves, Judge.

Judgment affirmed.

*E. Bradley*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *Worth W. Trammell*, Assistant, for the State.

WEST, J.—Plaintiff in error was indicted in the Circuit Court of Manatee County upon a charge of obtaining property by false personation of another. Upon trial he was found guilty as charged and sentenced to serve a term of two and one-half years at hard labor in the State's prison. Thereupon he took writ of error from this court. The plaintiff in error will be referred to in this opinion as the defendant.

Several questions are raised by assignments of error, but three of them only are argued in the brief of counsel on behalf of defendant.

The first question presented is whether the trial court erred in overruling a demurrer interposed by defendant to the evidence offered by the State in support of the charge against him. At the close of the State's case counsel for defendant filed his demurrer to the evidence. No specific facts were admitted upon the record. The demurrer simply averred that no evidence had been offered of certain material allegations of the indictment. There was no joinder on demurrer, and the proper procedure would have been to strike it or disregard it; but, since the question sought to be raised was not presented in such a way that defendant was entitled to have it considered, the order overruling the demurrer can not be said to be harmful. Holland v. State, 39 Fla. 178, 22 South. Rep. 298; Duncan v. State, 29 Fla. 439, 10 South Rep. 815.

The second contention is that the trial court erred in refusing an affirmative charge to the jury in favor of the defendant. No evidence was offered by the defendant. When the trial court overruled the demurrer to the evidence he requested the court to direct the jury to find the defendant not guilty. This request was denied. It is well settled that a defendant is not entitled as of right to an instruction to the jury to return a verdict of not guilty. There was therefore no error in this ruling. Menefee v. State, 59 Fla. 316, 51 South. Rep. 555; Ryan v. State, 60 Fla. 25, 53 South. Rep. 448; Hughes v. State, 61 Fla. 32, 55 South. Rep. 463.

The third contention is that the verdict is not sustained by the evidence. Under the rule that where there is some substantial competent evidence of all the facts legally essential to support the verdict and there is nothing in the record to indicate that the jury were not governed by the evidence a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence will not be disturbed by the appellate court, this contention can not be allowed. There is sufficient competent evidence to support the verdict, and the judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.