JAKE NEWMAN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed October 19, 1922.

When the only error assigned and argued is the order overruling defendant's motion for a new trial upon the ground that the verdict is not supported by the evidence, and the evidence adduced, though conflicting, is ample to sustain a conviction and there is nothing to indicate that the jury were influenced by considerations outside the evidence, the judgment will be a:irmed.

A Writ of Error to the Circuit Court for Washington County, D. J. Jones, Judge.

Affirmed.

*A. D. Carmichael,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant ,for the State.

WEST, J.—The indictment in this case charges the crime of murder. Upon a trial there was a verdict finding the

defendant guilty of manslaughter. He was adjudged guilty and sentenced to be confined in the state prison at hard labor for a term of three years. To review this judgment writ of error was taken from this court.

The assignments of error are two only. The first presents the question of the propriety of the trial court's order overruling a motion in arrest of judgment; the second the ruling denying defendant's motion for new trial. The first assignment is not argued and will be considered abandoned.

The grounds of the motion for new trial are that the verdict is not supported by the evidence or the law and is contrary to the charge of the court.

That the deceased was shot and killed by the defendant as alleged is admitted. With respect to the circumstances attending the homicide there is conflict in the evidence. The proof on behalf of defendant tends to show that he was acting in lawful self-defense. On the other hand, the evidence on behalf of the state taken alone is ample to support a conviction of a higher grade of offense than manslaughter. It is peculiarly a jury question and has been decided adversely to defendant's contention, and this conclusion is concurred in by the trial judge. In such a situation this court will not disturb the verdict. Hobbs v. State, 77 Fla. 228, 81 South. Rep. 444; Martinez v. State, 76 Fla. 159, 79 South. Rep. 751; Bailey v. State, 76 Fla. 213; 79 South. Rep. 730; F. E. C. Ry. Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238.

No other question is argued in the brief.

The judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J. concur.