CHESTER WILSON, *Plaintiff in Error,* vs. STATE OF FLORIDA, *Defendant in Error.*

137 So. 225.

En Banc.

Opinion filed October 23, 1931.

Petition for rehearing denied November 20, 1931.

*Parks M. Carmichael, Carl F. Crossley* and *Zack H. Douglas,* for Plaintiff in Error;

*Cary D. Landis,* Atty. Genl., and *Roy Campbell,* Assistant, for Defendant in Error.

BUFORD, C.J.—In this case it is contended that the second count of the indictment under which second count

plaintiff in error was convicted is insufficient because it does not sufficiently allege venue.

The first count of this indictment in part reads:

"In the Circuit Court of the Fifth Judicial Circuit of the State of Florida, for Marion County At the Summer Term Thereof, In the Year of Our Lord One Thousand Nine Hundred and Thirty-one, Marion County, to-wit: IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA: The Grand Jurors of the State of Florida, enquiring in and for the body of the County of Marion, upon their oaths do present that one, Chester Wilson, late of the County of Marion aforesaid, in the Circuit Court and State aforesaid, laborer" etc. etc.

The second count in part reads:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that one, Chester Wilson, late of the County of Marion aforesaid, in the Circuit and State aforesaid, on the 14th day of February, 1931, with force and arms *at* and *in* the *County* of *Marion* aforesaid, not then and there being armed with a dangerous weapon", etc. etc.

It appears that the contention of the plaintiff in error is not well founded. In the case of Kirkland vs. the State 86 Fla. 64, 97 Sou. 502, in an opinion prepared by Mr. Justice Ellis, this Court held:

"Where an indictment is not so vague as to mislead the accused and embarrass him in the preparation of his defense nor so uncertain as to subject him to the danger of a new prosecution for the same offense the indictment should not be quashed upon the ground that it is vague and uncertain."

And further, in discussing that case, it is said:

"It is argued that as only the first count averred that the indictment was found by a grand jury inquiring in and for the body of the County of Jackson the entry of a *nolle prosequi* upon that count left the other counts defective. That argument leads to the conclusion that the formal introductory part, or caption, of every indictment must be repeated in every count, and that if a defendant should be acquitted upon the first count he could not be convicted upon the others unless it was so

repeated. The caption of an indictment usually contains the style of the court the time and place when and where it was found and the jurors by whom it was found. The caption to an indictment applies to the indictment as a whole and to each count thereof. See 14 R. C. L. 164; 12 Stand. Proc. 172; Overton v. State, 60 Ala. 73; Greenwood v. Commonwealth, 11 Dy. Law. Rep. 220, 11 S. W. Rep. 811. No dismissal of the first count destroys the caption, but it must be read as a part of the remaining counts. See Garett v. Commonwealth, 117 Va. 902, 83 S. E. Rep. 1083; 12 Stand. Proc. 173.''

It appears that venue is sufficiently alleged in the indictment here under consideration according to the rule as stated in the Kirkland case.

The only other contention presented by the assignments of error is that the evidence is not sufficient to support the verdict. There are discrepancies and conflicts in the evidence but we are unable to say that there was not substantial legal evidence upon which the jury could properly base the verdict rendered; and, as the trial court, having seen the witnesses and heard the evidence as given to the jury, refused to disturb the verdict we think that this is not a case in which justice demands a reversal be had and a new trial awarded. The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS AND DAVIS, J.J., concur.

TERRELL AND BROWN, J.J., dissent.