LANGSTON CONSTRUCTION COMPANY, a corporation, and STANDARD ACCIDENT INSURANCE COMPANY, a corporation, *Plaintiffs in Error*, vs. HILLSBOROUGH COUNTY, FLORIDA,

a public corporation, for the use and benefit of Standard Oil Company, a Kentucky corporation, *Defendants in Error*.

143 So. 771.

Division B.

Opinion filed September 29, 1932.

Petition for rehearing denied October 25, 1932.

*Massey, Warlow, Carpenter & Fishback,* for Plaintiff in Error;

*Martin H. Long* and *Thos. E. Kelly,* for Defendant in Error.

PER CURIAM.—The Standard Oil Company furnished gasoline, oils and greases to one E. A. Wright, a subcontractor under Langston Construction Company, which had a contract with Hillsborough County for paving certain streets in a Tampa Subdivision known as "Belmar." The judgment to which this writ of error was taken was recovered on the contractor's surety bond given to secure payment of amounts due "to all persons supplying . . . labor, materials and supplies, used directly or indirectly" by the principal contractor or any subcontractor "in the prosecution of the work provided for" in the contract with the County.

The uncontradicted evidence in the case showed that the Standard Oil Company had supplied to Wright, oils, gasoline and greases to the amount of $4964.52. The controversy at the trial revolved around the insistence of the defendant that not all of these materials were used by the sub-contractor in prosecuting work on the "Bel-

mar'' job. That question, however, was submitted to the jury for determination, and we believe properly so, since there was substantial evidence from which it might have been found that all of the particular gasoline, oils and greases sued for, were used in the prosecution of the ''Belmar'' work by Wright. The jury so found, and the trial court committed no reversible error in refusing to set aside the verdict on account of the alleged insufficiency of the evidence. For the same reason no error was committed in overruling the motions of defendant for a directed verdict.

Other errors have been assigned and argued, but it has not been made to appear that the court committed reversible error in the particular rulings complained of, therefore the judgment should not be otherwise reversed under the circumstances.

The dominant controversy between the parties was one of fact, and that matter of dispute was properly submitted for the consideration and determination of a jury, under charges which fully and fairly committed the case to the jury's consideration. The verdict for $4964.52 principal and $366.69 interest appears to be supported by substantial evidence, and will not be disturbed in view of its approval by the trial judge.

Affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS, J. (concurring specially).—I agree to the conclusion and the statements in the last paragraph of the opinion.

BROWN, J., not participating.