JOHN MANNING v. STATE.

191 So. 33

Division B

Opinion Filed July 28, 1939

Rehearing Denied September 25, 1939

*Thomas B. Dowda, Ira J. Carter, Jr., Douglas & Schad* and *Zach H. Douglas,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, for Defendant in Error.

CHAPMAN, J.—Plaintiff in error, John Manning, was informed against, tried and convicted in the Circuit Court of Putnam County, Florida, for the larceny of three heifers, property of T. H. Hilliard, and was sentenced to the State penitentiary at hard labor for a period of two years. From the judgment of conviction he has perfected his appeal to this Court and seeks a reversal of the judgment entered against him on a number of grounds.

The record shows that the three heifers of T. H. Hilliard ranged upon the common range of Putnam County, Florida, near the home of the owner. The three heifers and two cows disappeared from the range around March 1, 1937, and at the time each of the heifers bore the mark of swallow fork in each ear and branded with a "T". The owner of this mark was T. H. Hilliard.

The testimony shows further that the three heifers were hauled to the pen of the defendant around the 1st of March, 1937, and one of the defendant's employees assisted him in altering or changing the marks of the three heifers to crop split, upper and under bit in one ear, and swallow fork and under bit in the other, and the brand was altered or changed to "61". This mark and brand was that of the defendant. The owner of the cattle located the three heifers on the range near the defendant's place around the 1st of September, 1937, some nine miles distant from the Hilliard range. The defendant contended that the three heifers were marked and branded by an employee of his, without his knowledge or consent and that there was no *animus furandi.*

The sole question presented here is whether or not the

evidence is sufficient to sustain the verdict. We have read the entire record, examined the briefs and authorities cited and have reached the conclusion that there is ample testimony in the record to support the findings of the jury. Where there is substantial competent evidence of all the facts legally essential to support a verdict and there is nothing in the record to indicate that the jury were not governed by the evidence, the verdict as found by the jury will not be disturbed because of the insufficiency of the evidence to support the verdict. See Drayton v. State, 78 Fla. 254, 82 So. 801; Logan v. State, 58 Fla. 72, 50 So. 536; McNeal v. State, 76 Fla. 200, 79 So. 728; Williams v. State, 45 Fla. 128, 34 So. 279; Newman v. State, 84 Fla. 455, 94 So. 154; Williams v. State, 68 Fla. 88, 66 So. 424; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 So. 44; Gadsden v. State, 77 Fla. 627, 82 So. 50; Key v. Moore, 78 Fla. 205, 82 So. 810; Witt v. State, 80 Fla. 38, 85 So. 249; Anderson v. State, 24 Fla. 139, 3 So. 884; Wells v. State, 75 Fla. 229, 77 So. 879; Smith v. State, 66 Fla. 135, 63 So. 138; McDonald v. State, 56 Fla. 74, 47 So. 485; Caldwell v. State, 62 Fla. 18, 56 So. 497; Wilson v. State, 103 Fla. 262, 137 So. 225; Langston Const. Co. v. Hillsborough County, 106 Fla. 834, 143 So. 771.

No error of law or procedure having been made to appear in this case, the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.