OWEN, Judge.
Appellant filed a motion to vacate judgment and sentence under Rule 1.850 CrPr, 33 F.S.A. on the grounds of newly discovered evidence. This appeal is from the order denying such motion.
The newly discovered evidence was a written statement given to the police by one Gruosso, the driver of the car in which appellant was a passenger at the time the police stopped the car and placed both Gruosso and appellant under arrest on the charge of possession of marijuana. After they were arrested, both Gruosso and appellant were taken to the police station, but appellant was released shortly thereafter whereas Gruosso remained and gave the police a statement which was then reduced to writing and signed by Gruosso. Such statement was later placed in the prosecutor’s files but its existence was unknown to appellant at the time of his trial. The substance of what Gruosso had said in the written statement was essentially exculpatory of appellant, as Gruosso’s statement corroborated appellant’s own testimony to the general effect that appellant was not aware that the automobile contained marijuana until, at a time just prior to the car being stopped by the police, Gruosso told him of the fact and asked him to get the marijuana off the backseat and throw it out the window.
Appellant raises two points. First, that the trial court erred in failing to apply the same standards in considering a motion to vacate on the grounds of newly discovered evidence as would be applied to a motion for new trial on such grounds. Second, that the court erred in holding as a matter of law that Gruosso’s written statement which was in the possession of the state, the existence of which was unknown to the defendant or his counsel, would have had no bearing upon the outcome of the trial had the state made a timely and proper disclosure. These two points can be discussed together.
We do not need to decide in this case whether the standard to be applied in considering a motion to vacate on the grounds of newly discovered evidence is the same as would be applied to a motion for new trial based upon the ground of newly discovered evidence. Assuming that it is, there is nothing in this record to indicate that the trial court did not apply such standard in considering the motion to vacate. That which must be shown in support of a motion for new trial on the ground of newly discovered evidence is set forth in the syllabus in Florida East Coast Railway Co. v. Knowles, 1914, 68 Fla. 400, 67 So. 122. Included in the various requirements is that such evidence must not be merely cumulative and must be such as ought to produce on another trial an opposite result on the merits. The written statement was, of course, cumulative in the sense that had Gruosso testified at the trial in a vein similar to the written statement which he had given, such testimony would have merely corroborated appellant’s own testimony. The trial court, in considering the effect that such testimony would have had on the outcome of the trial on the merits concluded that such testimony was inculpatory in nature because it established that for a period of time, albeit short, appellant did knowingly have marijuana in his possession. It was on this basis that the court concluded that the state’s nondisclosure of the existence of the written statement would have had no bearing on the outcome of the trial and was therefore not a denial to appellant of due process of law.
*420 We think the court correctly determined that the state’s nondisclosure of the existence of such written statement did not deny appellant due process of law. We have this view even though we feel that the written statement, had it been admissible, would clearly have been exculpatory in nature as to appellant rather than incriminating as the trial court seemed to feel. The point is that neither the written document itself nor pretrial knowledge of its existence or content could have been of any benefit to appellant.
The written document itself was clearly inadmissible as hearsay to prove the truth of the matters contained therein. McNeal v. State, 1918, 76 Fla. 200, 79 So. 728; Belk v. State, Fla.App.1964, 167 So. 2d 239; 13 Fla.Jur., Evidence, § 210. The only basis upon which the written statement would have been admissible would be for the purposes of impeaching Gruosso on the basis of a prior inconsistent statement had Gruosso been called as a witness by the state and testified under oath in a manner inconsistent with the contents of his written statement. However, Gruosso did not testify at appellant’s trial. Thus, it is clear that the written statement itself could not have been used by appellant as evidence, and consequently could hardly qualify as “newly discovered evidence”.
Since the written statement itself was not admissible in evidence, the state’s nondisclosure of the written statement or of its contents would be a denial of appellant’s right to due process of law only if knowledge of the document or knowledge of the facts set forth therein would have aided appellant in either the preparation for or conduct of his defense. But Gruos-so was the only witness to whom the statement would have led. It is patent that the identity of Gruosso as a potential witness was known to appellant at all times, as were the facts which Gruosso related in his written statement (being the same facts to which appellant testified at trial). Thus, these facts were certainly not in the category of “newly discovered” subsequent to judgment, and the nondisclosure of the content of the written statement kept nothing from appellant which was not already fully known to him.
In summary, it is our view that neither the written statement nor its contents could qualify as “newly discovered evidence”, and neither the nondisclosure of the existence of the written statement per se or of its contents was a denial to appellant of due process of law because knowledge of the same could not have added anything to either the preparation for or conduct of his defense. Thus, while we reach our decision for reasons other than those expressed by the trial court, its order denying the motion to vacate was proper and is affirmed.
Affirmed.
REED, J., concurs.
McCAIN, J., dissents, with opinion.